State of Maryland v. Andrew Brown, No. 65, September Term, 2018

**MARYLAND RULE 4-345(c) – CORRECTION OF EVIDENT MISTAKE IN ANNOUNCEMENT OF SENTENCE –** Court of Appeals held that, for "mistake in announcement of sentence" to be "evident" under Maryland Rule 4-345(c), mistake must be clear or obvious. Where trial court has imposed sentence that is merely unusual or anomalous compared to other sentences that trial court imposes at same time, that circumstance alone does not establish that trial court made evident mistake in announcement of sentence under Maryland Rule 4-345(c). Appellate court may determine trial court to have corrected evident mistake in announcement of sentence under Maryland Rule 4-345(c) where trial court acknowledges that it made mistake in announcement of sentence, and indicates that it is correcting that mistake.

Circuit Court for Baltimore City
Case No. 117039006

Argued: April 9, 2019

IN THE COURT OF APPEALS

OF MARYLAND

No. 65

September Term, 2018

_____

STATE OF MARYLAND

v.

ANDREW BROWN

_____

Barbera, C.J.
Greene
McDonald
Watts
Hotten
Getty
Harrell, Jr., Glenn T. (Senior
Judge, Specially Assigned),

JJ.

_____

Opinion by Watts, J.

_____

Filed: June 24, 2019

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

In the words of journalist Doug Larson: "To err is human; to admit it, superhuman."[1]

On occasion, in a criminal case, a trial court may make a mistake when announcing a sentence; in other words, the trial court might announce a sentence that differs from the one that the trial court intended to impose. Maryland Rule 4-345(c) contemplates such a circumstance, stating: "The court may correct an evident mistake in the announcement of a sentence if the correction is made on the record before the defendant leaves the courtroom following the sentencing proceeding."

This is the first case in which this Court has been called upon to interpret Maryland Rule 4-345(c). Specifically, we are asked to determine what constitutes "an evident mistake in the announcement of a sentence" under Maryland Rule 4-345(c). We are also asked to ascertain the circumstances under which an appellate court may determine that a trial court has corrected such a mistake under Maryland Rule 4-345(c).

In the Circuit Court for Baltimore City, the State, Petitioner, charged Andrew Brown, Respondent, with several crimes that arose out of the attempted armed robberies and nonfatal shooting of William Rich and Demaris Glover. A jury found Brown guilty of, among other crimes, attempted robbery with a dangerous weapon as to Rich and Glover, conspiracy to rob with a dangerous weapon as to Rich and Glover, and use of a handgun in the commission of a crime of violence.

At a sentencing proceeding, the circuit court imposed three concurrent sentences of

---

[1]Several online sources attribute this quotation to Larson. See, e.g., BrainyMedia Inc., Douglas Larson Quotes, https://www.brainyquote.com/authors/doug_larson [https://perma.cc/6TSK-LWXM].

twenty years of imprisonment, with all but ten years suspended, followed by two years of supervised probation, for attempted robbery of Rich with a dangerous weapon,[2] conspiracy to rob Rich with a dangerous weapon, and attempted robbery of Glover with a dangerous weapon. In the same proceeding, the circuit court announced Brown's sentences as to conspiracy to rob Glover with a dangerous weapon and use of a handgun in the commission of a crime of violence as follows:

> Count 10, conspiracy to rob with a dangerous weapon as to [] Glover, the sentence of the Court is **20 years, suspend all but time served, place him on two years supervised probation**. . . . Count 19, use of a handgun in the commission of a felony or crime of violence, 10 years to the [Division] of Correction[], first five without parole, will run **consecutive to Count 10.**

(Emphasis added). After the circuit court announced Brown's sentences, Brown asked: "Count 19, that's to be run consecutive?" The circuit court responded:

> Right. So what happens is, **basically you got a 20 year sentence, suspend all but 10** and then the handgun, **use of a handgun in a crime of violence runs consecutive so once you finish the -- and you got to do at least five years without parole on that[.]**

(Emphasis added). Shortly afterward, Brown's counsel stated: "So you have 20 years to serve; right?" The circuit court responded: "20 years suspend all but 10. Well, 20, yeah, altogether[.]" The commitment record, probation order, and docket entries indicate that the circuit court sentenced Brown to twenty years of imprisonment, with all but ten years

---

[2]Although the circuit court did not specify a number of years when sentencing Brown to supervised probation for attempted robbery of Rich with a dangerous weapon, the circuit court imposed three additional sentences that included two years of supervised probation, all of which were concurrent with each other and with Brown's sentence for attempted robbery of Rich with a dangerous weapon. Accordingly, it is clear that the circuit court sentenced Brown to two years of supervised probation for attempted robbery of Rich with a dangerous weapon.

suspended, followed by two years of supervised probation, for conspiracy to rob Glover with a dangerous weapon (Count 10).

Brown appealed, and the Court of Special Appeals affirmed his convictions, but remanded with instructions to amend the commitment record, probation order, and docket entries to reflect that the circuit court sentenced Brown to twenty years of imprisonment, with all but time served suspended, followed by two years of supervised probation, for conspiracy to rob Glover with a dangerous weapon. See Andrew Brown v. State, No. 1581, Sept. Term, 2017, 2018 WL 5250003, at *16, *15 (Md. Ct. Spec. App. Oct. 22, 2018). The State filed a petition for a writ of *certiorari*, which this Court granted. See State v. Brown, 462 Md. 555, 201 A.3d 1228 (2019).

The State contends that the Court of Special Appeals erred in determining that the circuit court sentenced Brown to twenty years of imprisonment, with all but time served suspended, for conspiracy to rob Glover with a dangerous weapon. The State argues that the circuit court's use of the term "time served" was, under Maryland Rule 4-345(c), "an evident mistake in the announcement of" Brown's sentence for conspiracy to rob Glover with a dangerous weapon. The State asserts that the circuit court intended to say "ten years" instead of "time served." The State maintains that, under Maryland Rule 4-345(c), the circuit court corrected the evident mistake by later making informal statements that were seemingly inconsistent with the circuit court having sentenced Brown to twenty years of imprisonment, with all but time served suspended, for conspiracy to rob Glover with a dangerous weapon. Brown responds that the circuit court did not make an evident mistake in the announcement of that sentence, and that, to correct an evident mistake in the

- 3 -

announcement of a sentence under Maryland Rule 4-345(c), a trial court must do so expressly—and the circuit court did not.

We conclude that, for a "mistake in the announcement of a sentence" to be "evident" under Maryland Rule 4-345(c), the mistake must be clear or obvious. Where a trial court has imposed a sentence that is merely unusual or anomalous compared to other sentences that the trial court imposed during the same sentencing proceeding, that circumstance alone does not establish that the trial court made an evident mistake in the announcement of a sentence under Maryland Rule 4-345(c). An appellate court may determine a trial court to have corrected an evident mistake in the announcement of a sentence under Maryland Rule 4-345(c) where the trial court acknowledges that it made a mistake in the announcement of a sentence, and indicates that it is correcting that mistake. Where a trial court merely discusses a sentence in a manner that could be construed as inconsistent with the announcement of the sentence, that discussion alone does not constitute a correction of an evident mistake in the announcement of a sentence under Maryland Rule 4-345(c).

Applying our holdings to this case's facts, we conclude that, under Maryland Rule 4-345(c), the circuit court did not make an evident mistake in the announcement of Brown's sentence for conspiracy to rob Glover with a dangerous weapon. Brown's sentence for conspiracy to rob Glover with a dangerous weapon was unusual or anomalous, as it appears to be inconsistent with Brown's sentences for attempted robbery of Rich with a dangerous weapon, conspiracy to rob Rich with a dangerous weapon, and attempted robbery of Glover with a dangerous weapon. The record of the sentencing proceeding, however, falls far short of demonstrating that the circuit court made an evident—*i.e.*, clear or obvious—

- 4 -

mistake in the announcement of Brown's sentence for conspiracy to rob Glover with a dangerous weapon, or that the circuit court intended to suspend all but ten years, as opposed to time served, as to conspiracy to rob Glover with a dangerous weapon. In addition to the record not demonstrating that the circuit court made an evident mistake in the announcement of Brown's sentence for conspiracy to rob Glover with a dangerous weapon, the record does not demonstrate that the circuit court corrected a mistake under Maryland Rule 4-345(c). At no point did the circuit court acknowledge that it had made a mistake in the announcement of Brown's sentence for conspiracy to rob Glover with a dangerous weapon, or indicate that it was correcting such a mistake.

## BACKGROUND

### Glover's Trial Testimony

Although this case's facts are not dispositive of the issues that are before this Court, we set forth the following summary.

At trial, as a witness for the State, Glover testified that, on January 18, 2017, at approximately 10 or 11 p.m., he went to Horseshoe Casino in Baltimore City. Glover gambled for approximately an hour, after which Rich,[3] a friend of his, met with him. Glover and Rich gambled for a few hours. At approximately 3 or 4 a.m., Glover and Rich went to a bar in the casino. There, two women, whom Glover did not recognize, approached him and Rich. The four of them talked to each other, and initially agreed to go to Glover's residence. But, after the four of them left the casino and went to a nearby gas

---

[3]Rich did not testify at trial. On the first day of trial, the prosecutor advised the circuit court that the State had been "unable to locate" Rich.

station, they agreed to go to the women's residence instead.

The four of them went to a house on Sterrett Street and went inside. Eventually, there was a knock on the front door, and one of the women opened it. Brown and another man entered the house. Brown was holding a handgun, and said: "You know what it is.[4] Give it up." Brown fired in Glover's direction, and the bullet grazed the top of his head and struck Rich in his leg or back. Glover hit Brown's arm, and Brown dropped the handgun. Glover and Brown struggled for the handgun. Glover got ahold of the handgun and ran out of the house. Once outside, Glover fell and dropped the handgun. Brown ran out of the house, and he and Glover struggled for the handgun again. Glover repeatedly struck Brown with the handgun, which fell apart. Glover ran to a friend's house on Wyeth Street. Eventually, an ambulance transported Glover to University of Maryland Medical Center, where he was treated for the bullet wound in his head.

### Guilty Verdicts and Sentencing Proceeding

The jury found Brown guilty of attempted robbery with a dangerous weapon as to Rich and Glover (Counts 7 and 8, respectively), conspiracy to rob with a dangerous weapon as to Rich and Glover (Counts 9 and 10, respectively), use of a handgun in the commission of a crime of violence (Count 19), wearing, carrying, or transporting a handgun (Count 20), second-degree assault as to Glover (Count 22), conspiracy to commit second-degree assault as to Rich and Glover (Counts 23 and 24, respectively), and reckless endangerment as to

---

[4]The phrase "You know what it is" is similar to the phrase "You know what time it is," which "can be used to announce a robbery." Givens v. State, 449 Md. 433, 439 n.7, 144 A.3d 717, 720 n.7 (2016) (citation omitted).

Rich and Glover (Counts 25 and 26, respectively).[5]

At a sentencing proceeding, the circuit court announced Brown's sentences as follows:

> Count 7, attempted robbery with a dangerous weapon as to [] Rich, the sentence of the Court is 20 years to the [Division] of Correction[]. I'm going to suspend all but 10 years, place the defendant on supervised probation upon his release. As to Count 25, reckless endangerment as to [] Rich, the sentence of the Court is five years to the [Division] of Correction[], that will run concurrent to Count 7. As to Count 9, conspiracy to rob with a dangerous weapon as to [] Rich, the sentence of the Court is 20 years to the [Division] of Correction[]. I'm going to suspend all but 10 years and place him on two years supervised probation to run concurrent with Count 25. As to Count 17, conspiracy to assault in the second degree of [] Rich,[6] that count will merge with Count 9. As to Count 8, attempted robbery with a dangerous weapon as to [] Glover, the sentence of the Court is 20 years to the [Division] of Correction[], suspend all but 10 years and place the defendant on two years supervised probation, that will run concurrent with Count 9. As to Count 22, assault in the second degree as to [] Glover, that will merge with Count 8. As to Count 26, reckless endangerment of [] Glover, five years to the [Division] of Correction and will run concurrent to Count 8. **Count 10, conspiracy to rob with a dangerous weapon as to [] Glover, the sentence of the Court is 20 years, suspend all but time served, place him on two years supervised probation to run concurrent to Count 26.** Count 24, conspiracy to assault in the second degree of [] Glover will merge with Count 10. **Count 19, use of a handgun in the commission of a felony or crime of violence, 10 years to the [Division] of Correction[], first five without parole, will run consecutive to Count 10.** Count 20, carrying a handgun openly or concealed about his person will merge with Count 19.

(Emphasis added).

---

[5]The jury found Brown not guilty of two counts each of attempted first-degree murder, conspiracy to commit first-degree murder, attempted second-degree murder, first-degree assault, and conspiracy to commit first-degree assault, as well as one count of second-degree assault as to Rich. The jury did not announce verdicts as to two counts each of attempted robbery and conspiracy to rob.

[6]The indictment indicates that conspiracy to commit second-degree assault as to Rich was Count 23, not Count 17.

For clarity, we set forth the following table, which lists all of Brown's sentences as the circuit court announced them, and omits the convictions that the circuit court merged for sentencing purposes:

| Crime: | Sentence: |
|---|---|
| Attempted Robbery of Rich with Dangerous Weapon (Count 7) | 20 years of imprisonment, with all but 10 years suspended, followed by 2 years of supervised probation |
| Reckless Endangerment of Rich (Count 25) | 5 years of imprisonment, concurrent with sentence as to Count 7 |
| Conspiracy to Rob Rich with Dangerous Weapon (Count 9) | 20 years of imprisonment, with all but 10 years suspended, followed by 2 years of supervised probation, concurrent with sentence as to Count 25 |
| Attempted Robbery of Glover with Dangerous Weapon (Count 8) | 20 years of imprisonment, with all but 10 years suspended, followed by 2 years of supervised probation, concurrent with sentence as to Count 9 |
| Reckless Endangerment of Glover (Count 26) | 5 years of imprisonment, concurrent with sentence as to Count 8 |
| Conspiracy to Rob Glover with Dangerous Weapon (Count 10) | 20 years of imprisonment, with all but time served suspended, followed by 2 years of supervised probation, concurrent with sentence as to Count 26 |
| Use of Handgun in Commission of Crime of Violence (Count 19) | 10 years of imprisonment, first 5 of which to be served without parole, consecutive to sentence as to Count 10 |

After the circuit court announced Brown's sentences, his counsel advised him of the right to appeal, to move for reconsideration or modification of his sentences, and to apply for a review of his sentences. Immediately afterward, the following exchange occurred:

THE COURT: Do you understand your sentence, sir?

[] BROWN: Yes, ma'am, so --

THE COURT: Okay.

[] BROWN: -- I mean, I do have one question.

THE COURT: Sure.

[] BROWN: Count 19, that's to be run consecutive?

THE COURT: Right. So what happens is, **basically you got a 20 year sentence, suspend all but 10 and then the handgun, use of a handgun in a crime of violence runs consecutive so once you finish the -- and you got to do at least five years without parole on that** which, you know, they calculate that down for you, I'm not going to tell you it's not five years, it used to be three and a half, I'm not going to even start that with you because they'll calculate all of this out for you. Okay?

[] BROWN: Okay.

THE COURT: So and then you will be on probation to me for two years once you're released. Okay?

[] BROWN: Okay.

[BROWN'S COUNSEL]: **So you have 20 years to serve; right?**

THE COURT: **20 years suspend all but 10. Well, 20, yeah, altogether --**

[BROWN'S COUNSEL]: 20 years to serve, yes.

THE COURT: Yes, but it won't be 20[.]

[BROWN'S COUNSEL]: And whatever they calculate on that.

THE COURT: Yeah, whatever they calculate. Do you understand that?

[] BROWN: (Nodding head in agreement.)

(Emphasis added).

The commitment record, probation order, and docket entries indicate that the circuit court sentenced Brown to twenty years of imprisonment, with all but ten years suspended, followed by two years of supervised probation, for conspiracy to rob Glover with a dangerous weapon. Specifically, the commitment record states that Brown's sentence for that crime was "20 yrs [suspend all but] 10 years[.]" The probation order states that

- 9 -

Brown's sentence for that crime was "20 YR [SUSPEND ALL BUT] 10 YRS[.]" And the docket entries state that Brown's sentence for that crime was "20 YRS[,]" with "10 YRS" suspended.[7]

### Opinion of the Court of Special Appeals

Brown appealed, and the Court of Special Appeals affirmed his convictions, but remanded with instructions to correct the commitment record, probation order, and docket entries to reflect that the circuit court sentenced Brown to twenty years of imprisonment, with all but time served suspended, followed by two years of supervised probation, for conspiracy to rob Glover with a dangerous weapon. See Brown, 2018 WL 5250003, at *16, *15. The Court of Special Appeals explained that the transcript of the sentencing proceeding—which the State acknowledged was accurate—indicated that the circuit court sentenced Brown to "20 years, suspend all but time served" for conspiracy to rob Glover with a dangerous weapon. Id. at *15. The Court of Special Appeals observed that, where there is a conflict between a transcript of a sentencing proceeding and a commitment record or docket entries, the transcript prevails. See id. The Court of Special Appeals concluded that, accordingly, the circuit court needed to correct the commitment record, probation order, and docket entries. See id.

The Court of Special Appeals rejected the State's contention that, under Maryland Rule 4-345(c), the circuit court had corrected Brown's sentence for conspiracy to rob

---

[7]The circuit court did not sign the commitment record or the docket entries, but signed the last page of the probation order. Brown's sentences are handwritten on the first page of the probation order.

Glover with a dangerous weapon by stating, in response to Brown's question, that he would "basically [get] a 20 year sentence, suspend all but 10 and then the handgun, use of a handgun in a crime of violence runs consecutive[.]" Id. The Court of Special Appeals explained that the circuit court's statement did not constitute a correction of Brown's sentence for conspiracy to rob Glover with a dangerous weapon because, "[a]t best, the [circuit] court's statement[], which did not even indicate the conviction or count to which the [circuit] court was referring, casts some doubt over the [circuit] court's intentions with regard to [Brown's] sentence" for conspiracy to rob Glover with a dangerous weapon. Id.

## Petition for a Writ of *Certiorari*

The State petitioned for a writ of *certiorari*, raising the following two issues:

1.      Does an announced sentence that is anomalous in context qualify as an "evident mistake" that is subject to correction under Maryland Rule 4-345(c)?

2.      Can statements regarding the defendant's aggregate sentence serve under Maryland Rule 4-345(c) to "correct" a mistake in the announcement of a sentence on an individual count?

This Court granted the petition. See Brown, 462 Md. 555, 201 A.3d 1228.

## DISCUSSION[8]

### The Parties' Contentions

The State contends that the Court of Special Appeals erred in concluding that the circuit court sentenced Brown to twenty years of imprisonment, with all but time served suspended, for conspiracy to rob Glover with a dangerous weapon. The State argues that

---

[8]Although the State raised two issues in the petition for a writ of *certiorari*, we consolidate the two issues for purposes of this opinion.

the circuit court made an evident mistake in announcing Brown's sentence for conspiracy to rob Glover with a dangerous weapon because sentencing Brown to twenty years, with all but time served suspended, was an unexplained departure from the three identical concurrent sentences of twenty years, with all but ten years suspended, that the circuit court imposed for attempted robbery of Rich with a dangerous weapon, conspiracy to rob Rich with a dangerous weapon, and attempted robbery of Glover with a dangerous weapon. The State asserts that, because the circuit court made the ten-year sentence for use of a handgun in the commission of a crime of violence consecutive to the sentence for conspiracy to rob Glover with a dangerous weapon, the circuit court intended to sentence Brown to twenty years, with all but ten years suspended, for conspiracy to rob Glover with a dangerous weapon. The State maintains that the circuit court corrected Brown's sentence for conspiracy to rob Glover with a dangerous weapon after it announced the sentence.

Brown responds that, to "correct an evident mistake in the announcement of a sentence" under Maryland Rule 4-345(c), a trial court must do so expressly—and the circuit court did not. Brown argues that, even if Maryland Rule 4-345(c) allows a trial court to implicitly correct an evident mistake in the announcement of a sentence, there was no evident mistake in the announcement of his sentence for conspiracy to rob Glover with a dangerous weapon.

### Standard of Review

An appellate court reviews without deference the legal questions of whether a trial court made "an evident mistake in the announcement of a sentence" under Maryland Rule 4-345(c), and whether the trial court corrected such a mistake under Maryland Rule 4-

345(c).

## Maryland Rule 4-345(c) and Its Rulemaking History

Maryland Rule 4-345(c) states: "The court may correct an evident mistake in the announcement of a sentence if the correction is made on the record before the defendant leaves the courtroom following the sentencing proceeding."

Maryland Rule 4-345 has not always included language regarding "an evident mistake in the announcement of a sentence." On April 6, 1984, this Court adopted former Maryland Rule 4-345, which stated in its entirety:

> **(a) Illegal Sentence.** — The court may correct an illegal sentence at any time.
>
> **(b) Modification or Reduction — Time for.** — The court has revisory power and control over a sentence upon a motion filed within 90 days after its imposition (1) in the District Court, if an appeal has not been perfected, and (2) in a circuit court, whether or not an appeal has been filed. The court may modify or reduce or strike, but may not increase the length of, a sentence. Thereafter, the court has revisory power and control over the sentence in case of fraud, mistake, or irregularity,[9] or as provided in section (d) of this Rule.
>
> **(c) Open Court Hearing.** — The court may modify, reduce, or vacate a sentence only on the record in open court after notice to the parties and an opportunity to be heard.
>
> **(d) Desertion and Non-support Cases.** — At any time before expiration of the sentence in a case involving desertion and non-support of spouse,

---

[9]Similar to former Maryland Rule 4-345(b), current Maryland Rule 4-345(b) states in its entirety: "The court has revisory power over a sentence in case of fraud, mistake, or irregularity." The State does not contend that this case involves "fraud, mistake, or irregularity" under Maryland Rule 4-345(b). Indeed, the State acknowledges that "[a]n 'evident mistake' in the [Maryland] Rule 4-345(c) context is not equivalent to a 'mistake' in the very different context of 'fraud, mistake, or irregularity' under [Maryland] Rule 4-345(b)." Thus, the "fraud, mistake, or irregularity" language in both current Maryland Rule 4-345(b) and former Maryland Rule 4-345(b) is immaterial here.

children or destitute parents, the court may modify, reduce, or vacate the sentence or place the defendant on probation under the terms and conditions the court imposes.

On October 5, 1992, more than eight years after adopting former Maryland Rule 4-345, this Court first adopted an amendment to former Maryland Rule 4-345; the amendment permitted a trial court to correct an evident mistake in the announcement of a sentence. Two cases that were decided in the interim prompted this Court to request that the Standing Committee on Rules of Practice and Procedure ("the Rules Committee") propose amendments to former Maryland Rule 4-345. The first case was State v. Sayre, 314 Md. 559, 552 A.2d 553 (1989), and the second was Simpkins v. State, 88 Md. App. 607, 596 A.2d 655 (1991), cert. denied, 328 Md. 94, 612 A.2d 1316 (1992). In each case, a trial court imposed a sentence, and the defendant left the courtroom. See Sayre, 314 Md. at 560-61, 552 A.2d at 553-54; Simpkins, 88 Md. App. at 624, 596 A.2d at 664. Soon afterward, the trial court stated that it had intended to impose a longer sentence, summoned the defendant back to the courtroom, and imposed the longer sentence. See Sayre, 314 Md. at 561, 552 A.2d at 554; Simpkins, 88 Md. App. at 623, 596 A.2d at 663. In each case, an appellate court held that the trial court violated former Maryland Rule 4-345(b)'s prohibition on increasing a sentence's length. See Sayre, 314 Md. at 565, 552 A.2d at 556; Simpkins, 88 Md. App. at 624, 596 A.2d at 664.

In Sayre, 314 Md. at 560, 552 A.2d at 553, a jury found the defendant guilty of only one crime—namely, battery. The trial court sentenced the defendant to five years of imprisonment, "to be served *concurrently* with" an eight-year sentence that the defendant had received in another case. Id. at 560-61, 552 A.2d at 553-54 (emphasis in original).

Almost immediately after the trial court dismissed the defendant, the prosecutor pointed out that the trial court had "said concurrently." Id. at 561, 552 A.2d at 553-54 (emphasis omitted). The trial court stated that it had "meant to say consecutively[,]" summoned the defendant and his counsel back to the courtroom,[10] and stated that the trial court had meant to make the defendant's sentence consecutive to the sentence that he had received in another case. Sayre, 314 Md. at 561, 552 A.2d at 553-54 (emphasis omitted). The trial court then stated: "Five (5) years consecutive to. That means you do the eight years then you do the five years." Id. at 561, 552 A.2d at 554.

The Court of Special Appeals vacated the defendant's new, consecutive sentence, and reinstated his original, concurrent one. See id. at 561, 552 A.2d at 554. This Court affirmed, holding

> that[,] **under [former Maryland] Rule 4-345(b), once sentence has been imposed, there can be no inquiry into intention or inadvertence.** The sentence, for [former Maryland] Rule 4-345(b)['s] purposes, stands as pronounced. Like any bright[-]line rule, this holding may produce occasional hardship for the State, but it will avoid difficult questions of subjective intent[,] and should encourage trial [court]s to use great care in pronouncing sentence[—]an obviously desirable practice.

Id. at 565, 552 A.2d at 556 (emphasis added) (citation omitted). This Court rejected the

---

[10]In a footnote, this Court stated: "The briefs contain some debate about whether the transcript shows that [the defendant] had been removed from the courtroom before [the trial court] attempted to change the sentence to consecutive. The record permits, although it does not compel, such a reading." Sayre, 314 Md. at 566 n.2, 552 A.2d at 556 n.2. This Court then stated that the question of whether the defendant left the courtroom was "not crucial" because "it [was] apparent that [his] case was over, whether he remained in the courtroom or not." Id. at 566 n.2, 552 A.2d at 556 n.2. In any event, this Court quoted the transcript, which unequivocally stated that, after the trial court's exchange with the prosecutor, the "defendant and [his] counsel [were] **returned to the courtroom**[.]" Id. at 561, 552 A.2d at 554 (emphasis added).

State's contention that a trial court could correct a slip of the tongue in the announcement of a sentence, stating:

> [W]hile to permit correction of a slip of the tongue is not necessarily undesirable, to allow a [trial court that] has [] made a sentencing decision to change [its] mind in a manner [that is] adverse to the defendant is. . . . [T]he latter situation carries with it too many possibilities of vindictiveness. Furthermore, it is not always easy to distinguish between a[] slip of the tongue and a [] change of mind.

Id. at 563-64, 552 A.2d at 555.

In a dissenting opinion, Judge Lawrence F. Rodowsky noted that this Court did "not question that the sentence [that was] first pronounced by the trial [court] clearly resulted from misspeaking." Id. at 571, 552 A.2d at 559 (Rodowsky, J., dissenting). Judge Rodowsky stated: "I . . . would hold that where, as here, the record clearly shows that the [trial court] misspoke in relation to [its] true intent, the misstatement may be corrected promptly, as it was here." Id. at 571, 552 A.2d at 559 (Rodowsky, J., dissenting). Judge Rodowsky explained that he did not believe that this Court or the Rules Committee had intended former Maryland Rule 4-345(b)'s prohibition on increasing a sentence's length to apply where "a matter of minutes elaps[ed] between a [trial court]'s slip of the tongue and the correction of the misstatement." Id. at 570-71, 552 A.2d at 558 (Rodowsky, J., dissenting).

A subsequent case, Simpkins, 88 Md. App. at 608, 596 A.2d at 655, arose "from the tragic, senseless death of [a] two[-]year-old" who had died of "malnutrition and dehydration." A trial court found both of the victim's parents guilty of second-degree murder, and sentenced the victim's mother to thirty years of imprisonment, with all but

twenty years suspended, followed by five years of probation. Id. at 608, 623 n.2, 596 A.2d at 655, 663 n.2. Subsequently, the trial court stated: "It is the judgment of the court that the [victim's father] be sentenced to the jurisdiction of the Commissioner of Corrections for a period of thirty years. *I hereby suspend all but five years* of that sentence and order him placed on probation for a period of five years." Id. at 623, 596 A.2d at 663 (cleaned up) (emphasis in original). The victim's parents and their counsel left the courtroom. See id. at 624, 596 A.2d at 664. Approximately ten minutes later, the trial court stated: "I am advised that people in the courtroom heard me say all but five years suspended. At no point was my intention to impose a sentence of five years. At all times it was my intention to impose a twenty-five year sentence." Id. at 623, 596 A.2d at 663. Afterward, the trial court then stated that the victim's father "was sentenced to the jurisdiction of the Commissioner of Corrections for a period of thirty years, all but twenty-five years suspended." Id. at 623, 596 A.2d at 663.

The Court of Special Appeals vacated the victim's father's new, twenty-five-year sentence, and remanded with instruction to reinstate his original, five-year one. See id. at 624-25, 596 A.2d at 664. The Court of Special Appeals observed that the transcript indicated that the sentencing "proceeding terminated after the original pronouncement of sentence, and that the increase was made during a second proceeding[,]" which began with the prosecutor recalling the case. Id. at 623-24, 596 A.2d at 664. The Court of Special Appeals determined that, "[b]ased on the comments [] in the [] transcript and on the State's uncontroverted summation of the unrecorded events, it [was] clear that [the] sentence was 'imposed' before the [trial] court increased it." Id. at 624, 596 A.2d at 664. The Court of

- 17 -

Special Appeals observed that, in <u>Sayre</u>, 314 Md. at 565, 552 A.2d at 556, this Court had

"held that[,] 'under [former Maryland] Rule 4-345(b), once sentence has been imposed,

there can be no inquiry into intention or inadvertence.'" <u>Simpkins</u>, 88 Md. App. at 623,

596 A.2d at 663.

In a concurring opinion, Judge Diana Gribbon Motz stated that she agreed with the

Court of Special Appeals's determination that <u>Sayre</u> "prevent[ed it] from upholding the"

victim's father's new, twenty-five-year sentence. <u>Simpkins</u>, 88 Md. App. at 625, 596 A.2d

at 664 (Motz, J., concurring). Judge Motz explained:

> **I write separately only to suggest that this case may present an excellent opportunity for the Court of Appeals to reconsider . . . *Sayre*.** It is, to me, unconscionable that the [trial court]'s inadvertent mistake, corrected within ten minutes, should prevent [the victim's father] from receiving the punishment that he so clearly deserves.

<u>Simpkins</u>, 88 Md. App. at 625, 596 A.2d at 664 (Motz, J., concurring) (emphasis added).

Judge Motz opined that the mistake in the announcement of the sentence in <u>Simpkins</u>, while

not a slip of the tongue, was still "just as obvious" as the one in <u>Sayre</u>, explaining:

> [The victims' parents] were tried, convicted[,] and then sentenced together. Of the two, [the victim's mother], even though erratic, irresponsible, and cavalier in her treatment of [the victim], at least showed more concern than [] the [victim]'s father. Accordingly, it seems inconceivable that the [trial court] intended to sentence [the victim's mother] to twenty years [of] imprisonment[,] and[,] at the very same time, in [] virtually the same breath, sentence [the victim's father] to only five years [of] imprisonment.

<u>Simpkins</u>, 88 Md. App. at 625 n.1, 596 A.2d at 664 n.1 (Motz, J., concurring). Judge Motz

approvingly quoted Judge Rodowsky's dissent in <u>Sayre</u>, stating:

> The *Sayre* majority's rigid interpretation of [former] Maryland Rule 4-345(b), as pointed out by Judge Rodowsky[] in dissent, makes sense when "some appreciable period of time from the imposition of the sentence" has

passed.  [*Sayre*, 314 Md.] at 570, 552 A.2d [at 558] (Rodowsky, J. dissenting).  Imposition of this bright[-]line rule, however, is harsher than necessary or appropriate when there has been no lapse of an appreciable period of time[,] and it is clear that the [trial court] simply seeks to correct an obvious mistake in sentencing.

Simpkins, 88 Md. App. at 625, 596 A.2d at 664 (Motz, J., concurring) (footnote omitted).

The State petitioned for a writ of *certiorari* in Simpkins.  See Simpkins, 328 Md. 94, 612 A.2d 1316.  Subsequently, on April 10 and 11, 1992, the Rules Committee conducted a meeting.  According to the minutes of that meeting, the Chair stated that this Court's 4-3 decision in Sayre had "created some terrible consequences"—namely, in Simpkins, the Court of Special Appeals had held that the trial court erred in correcting its mistake in the announcement of a lenient sentence for the victim's "father, who was the more culpable" defendant compared to the victim's mother.  The Chair noted that, in her concurring opinion in Simpkins, Judge Motz had "expressed the need for [this Court] to reconsider Sayre[.]"  According to the Chair, it was his understanding that this Court would prefer amending former Maryland Rule 4-345 to overruling Sayre.  The Chair indicated that, accordingly, this Court had put the petition for a writ of *certiorari* in Simpkins on hold "pending review of" former Maryland Rule 4-345 by the Rules Committee.[11]  The Chair predicted that, if this Court did not amend former Maryland Rule 4-345, it would reverse the Court of Special Appeals's judgment in Simpkins.

[11]According to the minutes of the meeting, the Chair said that this Court had "granted certiorari [in] the Simpkins case and [was] holding the case pending review of [former Maryland Rule 4-345] by [the Rules] Committee."  In actuality, at the time of the meeting, this Court had not yet disposed of the petition for a writ of *certiorari* in Simpkins; and, months after the meeting, this Court denied the petition.  See Simpkins, 328 Md. 94, 612 A.2d 1316.

The Chair proposed amending former Maryland Rule 4-345(b) and (c) as follows (new language is underlined, deleted language is struck through):

**(b) Modification or Reduction — Time for.** — The court has revisory power and control over a sentence upon a motion filed within 90 days after its imposition (1) in the District Court, if an appeal has not been perfected, and (2) in a circuit court, whether or not an appeal has been filed. ~~The court may modify or reduce or strike, but may not increase the length of, a sentence.~~ Thereafter, the court has revisory power and control over the sentence in case of fraud, mistake, or irregularity, or as provided in section (d) of this Rule. <u>The court may not increase a sentence after the sentence has been imposed, except that it may correct an evident mistake in the announcement of a sentence if the correction is made prior to the end of the day on which the sentence is imposed.</u>

**(c) Open Court Hearing.** — The court may modify, reduce, <u>correct,</u> or vacate a sentence only on the record in open court after notice to the parties and an opportunity to be heard.

The Chair stated that the only purpose of the proposed amendments to Maryland Rule 4-345(b) and (c) was "to alleviat[e] the <u>Sayre</u> problem"—*i.e.*, to make clear "how much time a [trial court] should have to change a sentence if [it] erred." The Chair observed that, in <u>Sayre</u> and <u>Simpkins</u>, the trial courts learned of the mistakes in the announcements of the sentences within minutes. The Chair stated that he did not know of a case in which, in contrast to <u>Sayre</u> and <u>Simpkins</u>, a mistake in the announcement of a sentence "was recognized much later in the day. Usually[,] it is a matter of a slip of the tongue." One of the Rules Committee's members moved to change the proposed amendments to Maryland Rule 4-345(b) so that a trial court could correct an evident mistake in the announcement of a sentence up until the parties left the courtroom. The motion was seconded, and unanimously passed.

On June 29, 1992, the Rules Committee submitted its 120th Report to this Court.

In the introduction to the Report, the Chair noted that the Rules Committee was proposing

amendments to former Maryland Rule 4-345 "at the request of" this Court "in light of"

Sayre. In the body of the Report, the Rules Committee proposed amending former

Maryland Rule 4-345(b) and (c) as follows (new language is underlined, deleted language

is struck through):

> **(b) Modification or Reduction — Time for.** — The court has revisory
> power and control over a sentence upon a motion filed within 90 days after
> its imposition (1) in the District Court, if an appeal has not been perfected,
> and (2) in a circuit court, whether or not an appeal has been filed. ~~The court
> may modify or reduce or strike, but may not increase the length of, a
> sentence.~~ Thereafter, the court has revisory power and control over the
> sentence in case of fraud, mistake, or irregularity, or as provided in section
> (d) of this Rule. <u>The court may not increase a sentence after the sentence has
> been imposed, except that it may correct an evident mistake in the
> announcement of a sentence if the correction is made on the record before
> the defendant leaves the courtroom following the sentencing proceeding.</u>
>
> **(c) Open Court Hearing.** — The court may modify, reduce, <u>correct,</u> or
> vacate a sentence only on the record in open court after notice to the parties
> and an opportunity to be heard.

The Reporter's Note[12] that accompanied the proposed amendments to former Maryland

Rule 4-345 stated in pertinent part:

> The purpose of the amendment[s] is to provide some flexibility for a [trial
> court that] evidently misspeaks in imposing a sentence to be able to correct

---

[12]In the introduction to the Report, the Chair

caution[ed] that the[] Reporter's Notes were prepared initially for the benefit
of the Rules Committee; they are not part of the Rules[,] and have not been
debated or approved by the [Rules] Committee; and they are not to be
regarded as any kind of official comment or interpretation. They [were]
included solely to assist [this] Court in understanding some of the reasons for
the proposed changes.

(Emphasis omitted).

that evident mistake. See [] <u>Sayre</u>, 314 Md. 559[, 552 A.2d 553]. . . . If the mistake in the announcement of the sentence is truly "evident," it should be immediately apparent to counsel, who can seek correction while the defendant is still present in the courtroom.

On October 5, 1992, this Court adopted the proposed amendments to former Maryland Rule 4-345. On October 7, 1992, this Court denied the petition for a writ of *certiorari* in <u>Simpkins</u>. See <u>Simpkins</u>, 328 Md. 94, 612 A.2d 1316. In <u>Greco v. State</u>, 347 Md. 423, 432 n.4, 701 A.2d 419, 423 n.4 (1997), this Court noted that the amendments to former Maryland Rule 4-345 had "modified" this Court's holding in <u>Sayre</u>.

On May 11, 2004, this Court adopted amendments to former Maryland Rule 4-345 that, without substantive change, moved the language regarding "an evident mistake in the announcement of a sentence" from former Maryland Rule 4-345(b) to former Maryland Rule 4-345(c)—which, after the amendments, stated in its entirety: "The court may correct an evident mistake in the announcement of a sentence if the correction is made on the record before the defendant leaves the courtroom following the sentencing proceeding." Since then, the language has remained the same.

**Analysis**

We conclude that, for a "mistake in the announcement of a sentence" to be "evident" under Maryland Rule 4-345(c), the mistake must be clear or obvious. Where a trial court has imposed a sentence that is merely unusual or anomalous compared to other sentences that the trial court imposes at the same time, that circumstance alone does not establish that the trial court made an evident mistake in the announcement of a sentence under Maryland Rule 4-345(c). An appellate court may determine a trial court to have corrected an evident

mistake in the announcement of a sentence under Maryland Rule 4-345(c) where the trial court acknowledges that it made a mistake in the announcement of a sentence, and indicates that it is correcting that mistake.

Maryland Rule 4-345(c)'s plain language demonstrates that it applies to mistakes in announcements of sentences that are clear or obvious. Maryland Rule 4-345(c) provides that a trial court "may correct an evident mistake in the announcement of a sentence"—*i.e.*, a mistake in the announcement of a sentence that is "clear to the . . . understanding[.]" *Evident*, Merriam-Webster, https://www.merriam-webster.com/dictionary/evident [https:// perma.cc/ZSV6-LHA9]. Where a sentence is merely different from other sentences that the trial court has imposed during the same sentencing proceeding, that circumstance alone does not make it clear or obvious—*i.e.*, evident—that the trial court intended to impose a different sentence.

Like its plain language, Maryland Rule 4-345(c)'s rulemaking history establishes that a mistake in the announcement of a sentence must be clear or obvious to qualify as "evident" under Maryland Rule 4-345(c). The purpose of the language regarding "an evident mistake in the announcement of a sentence" was to supersede the holdings in Sayre and Simpkins. Before this Court adopted amendments that added language regarding "an evident mistake in the announcement of a sentence" to former Maryland Rule 4-345(b), Sayre and Simpkins stood for the proposition that, "'under [former Maryland] Rule 4-345(b), once sentence ha[d] been imposed, there [could] be no inquiry into intention or inadvertence.'" Simpkins, 88 Md. App. at 623, 596 A.2d at 663 (quoting Sayre, 314 Md. at 565, 552 A.2d at 556). In Simpkins, 328 Md. 94, 612 A.2d 1316, the State filed a petition

- 23 -

for a writ of *certiorari*, which this Court put on hold so that the Rules Committee could propose amendments to former Maryland Rule 4-345.

At the April 10 and 11, 1992 meeting of the Rules Committee, the Chair stated that it was his understanding that this Court would prefer amending former Maryland Rule 4-345 to overruling <u>Sayre</u>. On June 29, 1992, the Rules Committee submitted its 120th Report to this Court, recommending the addition of the following language to former Maryland Rule 4-345(b): "The court . . . may correct an evident mistake in the announcement of a sentence if the correction is made on the record before the defendant leaves the courtroom following the sentencing proceeding." On October 5, 1992, this Court adopted the proposed amendments to former Maryland Rule 4-345. Just two days later, this Court denied the petition for a writ of *certiorari* in <u>Simpkins</u>. See <u>Simpkins</u>, 328 Md. 94, 612 A.2d 1316. Years later, this Court noted that the amendments to former Maryland Rule 4-345 had "modified" this Court's holding in <u>Sayre</u>. <u>Greco</u>, 347 Md. at 432 n.4, 701 A.2d at 423 n.4. From this rulemaking history, it is reasonable to infer that the Rules Committee and this Court were of the view that the mistakes in the announcements of the sentences in <u>Sayre</u> and <u>Simpkins</u> were "evident" under former Maryland Rule 4-345(b), as amended.

Indeed, in <u>Sayre</u> and <u>Simpkins</u>, the mistakes in the announcements of the sentences were so evident—*i.e.*, clear or obvious—that individuals in the courtroom promptly brought the mistakes to the trial courts' attention. In <u>Sayre</u>, 314 Md. at 560-61, 552 A.2d at 553-54, the trial court made the defendant's only sentence concurrent to a sentence that he had received in another case; and, almost immediately afterward, the prosecutor pointed

- 24 -

out that the trial court had inadvertently "said concurrently." (Emphasis omitted). In his dissenting opinion, Judge Rodowsky observed that this Court did "not question that the sentence [that was] first pronounced by the trial [court] **clearly** resulted from misspeaking." Id. at 571, 552 A.2d at 559 (Rodowsky, J., concurring) (emphasis added).

Similarly, in Simpkins, 88 Md. App. at 608, 622-23 & n.2, 596 A.2d at 655, 663 & n.2, the trial court convicted two parents of the murder of their child, sentenced the victim's mother to a term of twenty years of imprisonment, inadvertently sentenced the victim's father to a term of five years of imprisonment, and then, approximately ten minutes later, stated that it had been informed that multiple individuals in the courtroom had heard it "say all but five years suspended." In her concurring opinion, Judge Motz aptly explained that the mistake in the announcement of the sentence in Simpkins was "just as **obvious**" as the one in Sayre because the victim's father was more culpable than the victim's mother. Simpkins, 88 Md. App. at 625 n.1, 596 A.2d at 664 n.1 (Motz, J., concurring) (emphasis added). Sayre and Simpkins demonstrate that, as stated in the Reporter's Note that accompanied the proposed amendments to former Maryland Rule 4-345, "[i]f [a] mistake in the announcement of [a] sentence is truly 'evident,' it should be **immediately apparent**"—i.e., clear or obvious—"to counsel[.]" (Emphasis added).

Applying our holding to this case's facts, we conclude that, under Maryland Rule 4-345(c), the circuit court did not make an evident mistake in the announcement of Brown's sentence for conspiracy to rob Glover with a dangerous weapon. The circuit court imposed twenty-year sentences for four crimes: attempted robbery of Rich with a dangerous weapon, conspiracy to rob Rich with a dangerous weapon, attempted robbery of Glover

with a dangerous weapon, and conspiracy to rob Glover with a dangerous weapon. The circuit court suspended all but ten years as to each of the first three crimes, then suspended all but time served as to conspiracy to rob Glover with a dangerous weapon. For use of a handgun in the commission of a crime of violence, the circuit court sentenced Brown to ten years of imprisonment, the first five of which were to be served without parole, consecutive to his sentence for conspiracy to rob Glover with a dangerous weapon. To be sure, Brown's sentence for conspiracy to rob Glover with a dangerous weapon differed from the three other twenty-year sentences that the circuit court imposed. But, the record of the sentencing proceeding does not demonstrate that the circuit court made a clear or obvious mistake in the announcement of the sentence, or that the circuit court intended to suspend all but ten years, as opposed to time served, as to conspiracy to rob Glover with a dangerous weapon.

This case is easily distinguishable from Sayre and Simpkins, which, as discussed above, provide examples of what constitutes "an evident mistake in the announcement of a sentence" under Maryland Rule 4-345(c). In Sayre and Simpkins, as noted above, individuals in the courtroom brought the mistakes in the announcements of the sentences to the attention of the trial courts, which acknowledged the mistakes. See Sayre, 314 Md. at 560-61, 552 A.2d at 553-54; Simpkins, 88 Md. App. at 622-23, 596 A.2d at 663. By contrast, here, at the sentencing proceeding, no one suggested that the circuit court had made a mistake in the announcement of Brown's sentence for conspiracy to rob Glover with a dangerous weapon, and the circuit court never acknowledged having made such a mistake.

Under the sentences that the circuit court announced, Brown is serving the ten-year sentence for use of a handgun in the commission of a crime of violence at the same time that he is serving the ten-year aggregate of his other sentences. The record does not reveal why the circuit court suspended all but ten years as to attempted robbery of Rich with a dangerous weapon, conspiracy to rob Rich with a dangerous weapon, and attempted robbery of Glover with a dangerous weapon, but suspended all but time served as to conspiracy to rob Glover with a dangerous weapon, and imposed the sentence for use of a handgun in the commission of a crime of violence consecutively to that sentence. The absence of an apparent reason for a sentence, without more, does not mean that a trial court made a mistake in the announcement of that sentence—let alone that such a mistake was evident. On this record, we can conclude only that Brown's sentence for conspiracy to rob Glover with a dangerous weapon was, at most, anomalous compared to the twenty-year sentences that the circuit court imposed.[13]

In addition to the record failing to establish that the circuit court made an "evident mistake in the announcement of" Brown's sentence for conspiracy to rob Glover with a dangerous weapon, the record does not demonstrate that the circuit court corrected a

---

[13]Although different from the other sentences, Brown's sentence for conspiracy to rob Glover with a dangerous weapon was legal, as the State acknowledges. Md. Code Ann., Crim. Proc. (2001, 2018 Repl. Vol.) ("CP") § 6-222(a) states in pertinent part: "A circuit court . . . may: (1) impose a sentence for a specified time and provide that a lesser time be served in confinement; (2) suspend the remainder of the sentence; and (3)(i) order probation for a time longer than the sentence[.]" (Paragraph breaks omitted). Under CP § 6-222(a), it was entirely within the circuit court's discretion to suspend all but time served as to conspiracy to rob Glover with a dangerous weapon, and impose two years of supervised probation for that crime.

mistake under Maryland Rule 4-345(c). To reiterate, Maryland Rule 4-345(c) provides that a trial court "may correct an evident mistake in the announcement of a sentence"— *i.e.*, the trial court may "make or set right" such a mistake. *Correct*, Merriam-Webster, https://www.merriam-webster.com/dictionary/correct [https://perma.cc/SZ8J-X56B]. Maryland Rule 4-345(c)'s plain language indicates that, to "correct an evident mistake in the announcement of a sentence[,]" a trial court must acknowledge that it made such a mistake, and indicate that it is correcting that mistake.

Maryland Rule 4-345(c)'s rulemaking history supports our interpretation. As explained above, it is reasonable to infer that the Rules Committee and this Court were of the view that, in Sayre and Simpkins, the trial courts made evident mistakes in the announcements of the sentences and attempted to correct those mistakes. Indeed, in Sayre, 314 Md. at 561, 552 A.2d at 553-54, after the prosecutor advised the trial court that it had "said concurrently[,]" the trial court stated "I meant to say consecutively" in two instances—first to the prosecutor, and then to the defendant after he returned to the courtroom. (Emphasis omitted). Afterward, the trial court stated: "Five [] years consecutive to. That means you do the eight years then you do the five years." Id. at 561, 552 A.2d at 554. Similarly, in Simpkins, 88 Md. App. at 623, 596 A.2d at 663, after the trial court was advised that it had said "suspend all but five years[,]" the trial court stated: "At no point was my intention to impose a sentence of five years. At all times it was my intention to impose a twenty-five year sentence." (Emphasis omitted). Afterward, the trial court stated that the victim's father "was sentenced to the jurisdiction of the Commissioner of Corrections for a period of thirty years, all but twenty-five years suspended." Id. at 623,

596 A.2d at 663. In <u>Sayre</u> and <u>Simpkins</u>, the trial courts acknowledged that they had made mistakes in the announcements of sentences, and indicated that they were correcting those mistakes. In our view, that is exactly what a trial court should do "on the record" to "correct an evident mistake in the announcement of a sentence . . . before the defendant leaves the courtroom following the sentencing proceeding." Md. R. 4-345(c).[14]

It will not be difficult for prosecutors, defense counsel, and trial courts to act in accord with our interpretation of Maryland Rule 4-345(c). Where a prosecutor or defense counsel believes that a trial court has made an evident mistake in the announcement of a sentence, the attorney may raise that belief before the defendant leaves the courtroom following the sentencing proceeding, giving the trial court the opportunity to acknowledge and correct the mistake, if one was made. This would obviate the need for a party, as the State did here, to allege an evident mistake in the announcement of a sentence for the first time on appeal. Once a mistake in the announcement of a sentence comes to a trial court's attention, the trial court need not recite any magic words to correct that mistake. Instead, as the trial courts in <u>Sayre</u> and <u>Simpkins</u> did, the trial court must simply acknowledge that it made a mistake in the announcement of a sentence, and indicate that it is correcting the

---

[14]To be sure, even if Maryland Rule 4-345(c)'s language regarding "an evident mistake in the announcement of a sentence" had been part of former Maryland Rule 4-345 at the time of the sentencing proceedings in <u>Sayre</u> and <u>Simpkins</u>, the trial courts still would have erred because they corrected the evident mistakes in the announcements of the sentences after the defendants left the courtroom following the sentencing proceedings. <u>See</u> <u>Sayre</u>, 314 Md. at 561, 552 A.2d at 554; <u>Simpkins</u>, 88 Md. App. at 624, 596 A.2d at 664. Nonetheless, <u>Sayre</u> and <u>Simpkins</u> provide examples of what constitutes "an evident mistake in the announcement of a sentence" under Maryland Rule 4-345(c), as well as what a trial court should state to correct such a mistake.

mistake. This interpretation of Maryland Rule 4-345(c) will prevent a defendant from essentially being resentenced based on potentially stray remarks by a trial court at a sentencing proceeding.

Applying our conclusion to this case's facts, we hold that the record neither demonstrates that the circuit court made an "evident mistake in the announcement of" Brown's sentence for conspiracy to rob Glover with a dangerous weapon, nor demonstrates that the circuit court corrected such a mistake. For conspiracy to rob Glover with a dangerous weapon, the circuit court sentenced Brown to twenty years of imprisonment, with all but time served suspended, followed by two years of supervised probation, concurrent with his five-year sentence for reckless endangerment of Glover. For use of a handgun in the commission of a crime of violence, the circuit court sentenced Brown to ten years of imprisonment, the first five of which to be served without parole, consecutive to his time-served sentence for conspiracy to rob Glover with a dangerous weapon. At no point did the circuit court acknowledge that it had made a mistake in the announcement of Brown's sentence for conspiracy to rob Glover with a dangerous weapon—much less indicate that it was correcting such a mistake. Indeed, in discussing the sentences with Brown and his counsel afterward, the circuit court never mentioned Brown's sentence for conspiracy to rob Glover with a dangerous weapon. It is just as likely that, in telling Brown: "[B]asically you got a 20 year sentence, suspend all but 10[,]" the circuit court was accurately referring only to the sentences that it had imposed as such—*i.e.*, Brown's sentences for attempted robbery of Rich with dangerous weapon, conspiracy to rob Rich with dangerous weapon, and attempted robbery of Glover with dangerous weapon. There

- 30 -

is no indication in the circuit court's later remarks that it intended to impose the same sentence for conspiracy to rob Glover with a dangerous weapon, or that the circuit court was correcting Brown's sentence for that crime. The Court of Special Appeals aptly described the situation by concluding that, at most, "the [circuit] court's statements, which did not even indicate the conviction or count to which the [circuit] court was referring, cast[] some doubt over the [circuit] court's intentions with regard to" Brown's sentence for conspiracy to rob Glover with a dangerous weapon. Brown, 2018 WL 5250003, at *15.

The exchange between Brown, his counsel, and the circuit court after the circuit court announced the sentences was confusing, and cannot be cast as a correction of an evident mistake in the announcement of a sentence. It may be that, during the exchange with Brown and his counsel, the circuit court simply intended to inform Brown of what it believed to be his aggregate sentence. The circumstance that the circuit court began by stating "So what happens is, basically" indicates that the circuit court was about to refer to an aggregate sentence, not an individual sentence. The circuit court referred to twenty years of imprisonment, with all but ten years suspended—which, together with two years of supervised probation, was the aggregate of Brown's six concurrent sentences, including his sentence for conspiracy to rob Glover with a dangerous weapon. During the exchange, Brown's counsel indicated that the circuit court had imposed an aggregate term of twenty years of imprisonment, and the circuit court sought to explain that Brown would have to serve only ten years. As discussed above, Brown's aggregate term of imprisonment was ten years, given that the circuit court made his ten-year sentence for use of a handgun in the commission of a crime of violence consecutive to his time-served sentence for

- 31 -

conspiracy to rob Glover with a dangerous weapon. At one point, in discussing the sentences, the circuit court stated that the sentence for "use of a handgun in a crime of violence runs consecutive so once you finish the -- and you got to do at least five years without parole on that[.]" Frankly, it is unclear what the circuit court meant by this. In any event, it appears that, during the exchange, Brown's counsel was confused about the aggregate sentence; and, the circuit court sought to explain the sentence but did not refer in any way to having made a mistake in imposing any sentence or to correcting a mistake.

In sum, the record is subject to different interpretations. It is possible that, when the circuit court referred to twenty years of imprisonment, with all but ten years suspended, it was speaking of the aggregate of Brown's six concurrent sentences generally, as opposed to Brown's sentence for conspiracy to rob Glover with a dangerous weapon specifically. It is equally plausible that the circuit court was misstating, or misremembering, Brown's sentences for conspiracy to rob Glover with a dangerous weapon and use of a handgun in the commission of a crime of violence. Perhaps, the circuit court was actually thinking of Brown's sentence for conspiracy to rob Rich—not Glover—with a dangerous weapon, which was twenty years of imprisonment, with all but ten years suspended, followed by two years of supervised probation. The record is unclear, and certainly does not establish "an evident mistake in the announcement of a sentence" or an attempt to correct such a mistake.

Whatever the case, we can only speculate as to the circuit court's intentions—and that is precisely the problem. It would be contrary to Maryland Rule 4-345(c)'s plain language and its rulemaking history to conclude that the circuit court's informal remarks

constituted a correction of an evident mistake in the announcement of Brown's sentence for conspiracy to rob Glover with a dangerous weapon. Simply put, the circuit court's later statements were part of an informal discussion of Brown's sentences, and did not evince, in any way, an awareness of it having made a misstatement in the announcement of a sentence—let alone an intent to correct such a misstatement.

In conclusion, the record demonstrates that the circuit court sentenced Brown to twenty years of imprisonment, with all but time served suspended, followed by two years of supervised probation, for conspiracy to rob Glover with a dangerous weapon. The commitment record, probation order, and docket entries indicate that, for that crime, the circuit court sentenced Brown to twenty years of imprisonment, with all but ten years suspended, followed by two years of supervised probation. "When there is a conflict between the transcript and the commitment record, unless it is shown that the transcript is in error, the transcript prevails. A similar rule applies to docket entries." Lawson v. State, 187 Md. App. 101, 108, 975 A.2d 357, 361 (2009) (cleaned up). The Court of Special Appeals was correct in remanding with instructions to amend the commitment record, probation order, and docket entries to reflect that the circuit court sentenced Brown to twenty years of imprisonment, with all but time served suspended, followed by two years of supervised probation, for conspiracy to rob Glover with a dangerous weapon.

> **JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. MAYOR AND CITY COUNCIL OF BALTIMORE TO PAY COSTS.**