PRINCE GEORGE'S COUNTY, MARYLAND *v.* BOARD
OF TRUSTEES OF PRINCE GEORGE'S
COMMUNITY COLLEGE

[No. 261, September Term, 1972.]

*Decided May 14, 1973.*

10

The cause was argued before MURPHY, C. J., and BARNES, McWILLIAMS, SINGLEY, SMITH, DIGGES and LEVINE, JJ.

*Harry L. Durity, Associate County Attorney,* with whom was *Walter H. Maloney, Jr., County Attorney,* on the brief, for appellants.

Joint *Amicus Curiae* brief filed by Anne Arundel County, with *Paul F. Borden, County Solicitor,* and *John M. Court, Assistant County Solicitor,* on the brief and Kent County, with *Ernest S. Cookerly, County Attorney,* on the brief and Calvert County, with *J. Frank Boyd, County Attorney,* on the brief.

*Daniel I. Sherry* for appellee.

LEVINE, J., delivered the opinion of the Court.

This appeal arises from a declaratory judgment proceeding brought by appellees, Board of Trustees of Prince George's Community College (the Trustees), against appellant, Prince George's County (the county), its county executive and the individual members of the county council.[1] The parties claim it is necessary to have a judicial determination of their respective rights and obligations under allegedly conflicting provisions of the Prince George's County Charter and Maryland Code (1957, 1969 Repl. Vol.) Art. 77A, §§ 1-10, entitled "Community Colleges." They say the issues were drawn in February, 1972, when the Trustees forwarded to the county executive their estimated operating budget for fiscal year 1973; and the county executive then

---

1. A motion raising preliminary objection was filed by the county executive and the members of the county council, in which they contended that suit could only be brought against the county and not against them. The motion was granted and that ruling is the subject of a cross-appeal brought by the Trustees.

returned the budget with an opinion of the county attorney attached thereto. The county executive wrote:

" ... Essentially, the opinion points out (1) the County does have the authority to ask for a detailed budget from the Community College and (2) the County does have the discretion of establishing an amount which is equivalent to 28% of current expenses.

"In light of the foregoing, I am returning to you your three page budget request. I am requesting you to submit to me personally a detailed budget request for the Fiscal Year 1973. Your budget must be received no later than the close of business March 6, 1972."

Significantly, the county at no time refused to comply with the Trustees' budget request; and, in fact, acquiesced in a *pendente lite* order which, "without prejudice to the respective positions of the parties with respect to the matters in issue," required the county to provide the funds budgeted by the Trustees for the college's 1973 fiscal year.

Following a hearing, from which there emerged no factual disputes, but which is said to have developed certain legal issues, the chancellor passed a decree containing twelve declarations, all favorable to the Trustees. With one possible exception — to which we shall refer later — none of the twelve "issues" ostensibly dealt with in the decree was remotely suggested by the county executive's letter.

Under Code (1957, 1971 Repl. Vol.) Art. 31A, § 2, "[a]ny person . . . whose rights, status or other legal relations are affected by a statute . . . may have determined any question of construction or validity . . . arising under the . . . statute . . . and obtain a declaration of rights, status or other legal relations thereunder." Art. 31A, § 6, provides, in part, that:

"Relief by declaratory judgment or decree may be granted in all civil cases in which an actual controversy exists between contending parties, or

in which the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or when in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that there is a challenge or denial of such asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein, and the court is satisfied also that a declaratory judgment or decree shall serve to terminate the uncertainty or controversy giving rise to the proceedings. . . ."

Although this Court has said that declaratory relief is appropriate where public agencies are at loggerheads, *Liss v. Goodman*, 224 Md. 173, 178, 167 A. 2d 123 (1961), to invoke the jurisdiction of the courts for declaratory relief there must be a justiciable controversy between the parties, *Kloze v. Provident Bank*, 220 Md. 469, 154 A. 2d 711 (1959); *Patuxent Co. v. Commissioners*, 212 Md. 543, 129 A. 2d 847 (1957); *Tanner v. McKeldin*, 202 Md. 569, 97 A. 2d 449 (1953); *see also* Borchard, *Declaratory Judgments*, 33 *et seq.* (2d ed. 1941).

While an action for a declaratory judgment will lie to determine the construction or validity of a statute, such action cannot be maintained where the essential elements requisite to such relief are not present, *Hitchcock v. Kloman*, 196 Md. 351, 76 A. 2d 582 (1950); *Hammond v. Lancaster*, 194 Md. 462, 71 A. 2d 474 (1950); *Davis v. State*, 183 Md. 385, 37 A. 2d 880 (1944); *see Thomas v. Solis*, 263 Md. 536, 283 A. 2d 777 (1971). In *Patuxent Co. v. Commissioners, supra*, the Court, quoting from 1 Anderson, *Actions for Declaratory Judgments* § 17 (2d ed. 1951), stated:

" 'A controversy is justiciable when there are interested parties asserting adverse claims *upon a state of facts which must have accrued* wherein a legal decision is sought or demanded.' " 212 Md. at 548 (emphasis added).

It may well be that there exists between these parties an "actual controversy;" "antagonistic claims" indicating "imminent and inevitable litigation;" or the assertion and denial of "a legal relation, status, right, or privilege." And, assuming any of these possibilities, we might have been "satisfied also that a declaratory . . . decree [would] serve to terminate the uncertainty or controversy giving rise to the proceedings." The difficulty confronting us is that if any or all of these grounds for granting declaratory relief do exist, we are unable to perceive them in the record presented to us.

The most that can be said for the county executive's letter — and the parties point to no other "state of facts" that reveals an "actual controversy" — is that it presents an apparent disagreement over whether the 1973 fiscal year budget submitted by the Trustees contained sufficient detail to satisfy the county executive. This may reflect a difference of opinion, but hardly rises to the level of a "justiciable controversy." In sum, although both parties desire declaratory relief in this case, there is nevertheless lacking "the state of facts which must have accrued" to establish the requisite "justiciable controversy."

Having concluded that this case is not a proper one for granting declaratory relief, we see no alternative to dismissal. The suit was precipitated by the 1973 fiscal year budget for which, as we noted earlier, the requested funds were furnished. Presumably, a declaration approved by this Court would have governed the relationship between the parties for the 1974 fiscal year budget, which is undoubtedly in the final stages of preparation. We think it unlikely, however, that further proceedings below and in this Court could lead to ultimate relief in sufficient time to be available for that budget.[2]

---

2. We are informed that at its 1973 session, which recently concluded, the General Assembly enacted House Bill 1160; and that it presently awaits the signature of the Governor. Subject to gubernatorial approval and the right of referendum provided for by Art. XVI of the Maryland Constitution, it will become law on July 1, 1973. House Bill 1160 amends §§ 5(a), 6 and 7(a) and (c) of Art. 77A in such fashion as to clearly subject budgets of community colleges, except those which are regional, to review and approval of the counties and Baltimore City. We find it curious that no

14

Our disposition makes it unnecessary to consider the issue presented by the cross-appeal.

> *Appeals dismissed; remanded with instructions to dismiss both suits for declaratory judgment; appellant to pay costs.*

reference was made to the pendency of this legislation when we suggested at oral argument that this "dispute" should more appropriately be addressed to the legislative branch.

Were House Bill 1160 to have been applicable to the budget for fiscal year 1974, we would undoubtedly have dismissed this appeal for mootness, since we do not decide moot questions or abstract propositions, Potts v. Governor, 255 Md. 445, 258 A. 2d 180 (1969); Eberts v. Congressional Country Club, 197 Md. 461, 79 A. 2d 518 (1951); Davis v. State, supra; see Note, Declaratory Judgments in Maryland, 6 Md. L. Rev. 221, 226 (1942).