# GORDON HATT *v.* MARK ANDERSON ET AL.

[No. 19, September Term, 1983.]

*Decided September 12, 1983.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Andrew H. Kahn,* with whom were *Zukerberg & Kahn* on the brief, for appellant.

*Douglas Clark Hollmann, Assistant County Solicitor,* with whom was *Steven P. Resnick, County Solicitor,* on the brief, for appellees.

MURPHY, C. J., delivered the opinion of the Court.

Gordon Hatt, a firefighter in the Anne Arundel County Fire Department, and President of the County Firefighters Association, filed a bill of complaint against Harry Klasmeier, the County's "Fire Administrator," seeking declaratory relief under the Uniform Declaratory Judgments Act (the Act), Maryland Code (1980), § 3-403, *et seq.,* of the Courts and Judicial Proceedings Article. Hatt sought a declaration that the County Fire Department's Regulation 2.6 was void and of no force or effect.[1] The bill recited that Klasmeier was charged under the County Charter with administering the Fire Department and enforcing its rules and regulations; that as a firefighter Hatt is required to conform his conduct to the requirements of the regulation; that his failure to do so will result in disciplinary action; that the regulation is "overbroad" and violates the First and Fourteenth Amendments to the United States Constitution

---

1. The regulation states:

"Criticism of superior officers, discourtesies to the public or to other personnel of the fire department, unjust treatment of officers or personnel and movements tending to create dissension or appearing to ignore responsible officials will be considered breaches of discipline."

"in that it prohibits without limitation any and all public and private speech which is critical of superior officers"; and that Hatt's rights "are being presently impaired by the prior restraints upon [his] speech . . . imposed by the subject Regulation." Klasmeier's answer asserted that the regulation was not unconstitutional.

Each party moved for summary judgment on the pleadings. The Circuit Court for Anne Arundel County (Lerner, J.), after hearing argument of counsel on the summary judgment motions, granted the County's motion and denied Hatt's. In its decree, the court declared that Regulation 2.6 "was not overly broad, did not violate the United States Constitution and therefore was a valid, enforceable regulation." Hatt appealed. We granted certiorari prior to consideration of the appeal by the intermediate appellate court.

On appeal, the parties filed an agreed statement of facts which recites only that Hatt, as a county firefighter, is subject to the Department's regulations; that he sought a declaration that Regulation 2.6 was "unconstitutionally overbroad and impermissibly impinged upon his freedom of speech in violation of the First and Fourteenth Amendments to the United States Constitution"; that the circuit court ruled that the regulation was not overbroad; and that judgment was thereafter entered and the appeal taken.

Before us Hatt argues that to pass judicial scrutiny the regulation "must be narrowly directed toward achieving the legitimate state interest of preventing actual interference with the efficient operation of the governmental body." He contends that regulations similar to Regulation 2.6 have been declared unconstitutional by some courts; that Regulation 2.6 is a "wholesale gag order," without any limitation on the discretion of the Fire Administrator to enforce the regulation; that the regulation is not limited to cases where the discipline or operation of the Department is jeopardized; that the prohibition of "criticism of superior officers" is not limited by time, place or manner; and that as bargaining agent for the professional firefighters' association Hatt's

duties demand that he criticize superior officers whenever they violate the labor agreement which governs the working conditions of firefighters. Hatt says that the regulation subjects him to discipline; he suggests that a complaint regarding a firefighter's superior officer whispered to a family member in the privacy of the firefighter's home, if repeated, would place the firefighter's career in jeopardy.

Klasmeier points out that Hatt "cites no situation where this regulation has chilled his rights as a firefighter or as a union representative, even as to complaints regarding one's superiors whispered to members of a firefighter's family." Klasmeier contends that no such restriction of the free speech rights of firefighters has occurred, nor has any one been disciplined for positions taken at the bargaining table, or for complaints whispered to a family member in the privacy of the firefighter's home.

With one exception not here pertinent, the Act provides, in § 3-409 (a) of the Courts Article, that a court may grant a declaratory judgment in a civil case

"if it will serve to terminate the uncertainty or controversy giving rise to the proceeding, and if:

(1) An actual controversy exists between contending parties;

(2) Antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation; or

(3) A party asserts a legal relation, status, right, or privilege and this is challenged or denied by an adversary party, who also has or asserts a concrete interest in it."

It is thus clear that the existence of a justiciable controversy is an absolute prerequisite to the maintenance of a declaratory judgment action. *Kronovet v. Lipchin,* 288 Md. 30, 415 A.2d 1096 (1980); *Reyes v. Prince George's County,* 281 Md. 279, 380 A.2d 12 (1977); *Hamilton v. McAuliffe,* 277 Md. 336, 353 A.2d 634 (1976). As we noted in *Reyes,* a controversy is justiciable when there are interested

parties asserting adverse claims upon a state of facts which must have accrued wherein a legal decision is sought or demanded. 281 Md. at 288. *Accord: Harford County v. Schultz,* 280 Md. 77, 371 A.2d 428 (1977); *Pr. George's Co. v. Bd. of Trustees,* 269 Md. 9, 304 A.2d 228 (1973); *Patuxent Co. v. Commissioners,* 212 Md. 543, 129 A.2d 847 (1957). To be justiciable the issue must present more than a mere difference of opinion, *Kirkwood v. Provident Savings Bank,* 205 Md. 48, 106 A.2d 103 (1954), and there must be more than a mere prayer for declaratory relief, *Master v. Master,* 223 Md. 618, 166 A.2d 251 (1960). Indeed, the addressing of non-justiciable issues would place courts in the position of rendering purely advisory opinions, a long forbidden practice in this State. *See, e.g., Planning Commission v. Randall,* 209 Md. 18, 120 A.2d 195 (1956); *Tanner v. McKeldin,* 202 Md. 569, 97 A.2d 449 (1953); *Hammond v. Lancaster,* 194 Md. 462, 71 A.2d 474, *cert. denied,* 339 U.S. 908 (1950). That a justiciable issue is a prerequisite to a declaratory judgment action is an especially important principle in cases seeking to adjudicate constitutional rights; in such instances we ordinarily require concrete and specific issues to be raised in actual cases, rather than as theoretical or abstract propositions. *See, e.g., Salisbury Beauty Schools v. St. Bd.,* 268 Md. 32, 300 A.2d 367 (1973); *Thomas v. Solis,* 263 Md. 536, 283 A.2d 777 (1971); *Liberto v. State's Attorney,* 223 Md. 356, 164 A.2d 719 (1960); *Givner v. Cohen,* 208 Md. 23, 116 A.2d 357 (1955).

It may well be that, within the contemplation of the Act, there does exist between Hatt and Klasmeier an "actual controversy"; "antagonistic claims" indicating "imminent and inevitable litigation"; or the assertion and denial of "a legal relation, status, right, or privilege." The difficulty confronting us, however, is that if any of these grounds for granting declaratory relief do exist, they are neither disclosed nor apparent from the record before us. *See Pr. George's Co. v. Bd. of Trustees, supra,* 269 Md. at 13. The short of it is that nothing appears in the pleadings even remotely suggesting that an actual dispute exists between

the parties beyond that which might be implied by the mere facial existence of the regulation; and this alone is plainly insufficient to present a justiciable controversy. *See Hitchcock v. Kloman,* 196 Md. 351, 356, 76 A.2d 582 (1950). There is no allegation that the regulation has been, or is threatened to be interpreted or applied by Klasmeier in any particular way. Nor does Hatt assert that any of his claimed free speech rights are actually being disputed, challenged or contested by the Fire Administrator. There is no indication that Hatt has been ordered to do, or not do, anything under the regulation, either in his individual capacity as a firefighter, or as president of the county firefighters' association.[2] At most, Hatt speculates as to what might happen under the regulation if he criticizes his superior officers. Indeed, for all that appears on the record in this case, the Fire Administrator may interpret and apply the regulation narrowly in accordance with Hatt's own constitutional views. It is thus evident that the allegations of Hatt's bill of complaint are simply too theoretical, too abstract and too speculative to form the basis for an action for declaratory relief under the Act.

Since no justiciable issue has been presented in this case, the trial court could not properly declare the constitutionality of the regulation. We shall, therefore, vacate the declaratory decree and remand the case to the trial court to dismiss the bill of complaint.

> *Decree vacated; case remanded to the Circuit Court for Anne Arundel County with directions to dismiss the bill of complaint for lack of a justiciable issue; costs to be paid by appellant.*

---

**2.** The bill of complaint does not allege that the regulation violates any of Hatt's rights vis-a-vis his status as the bargaining agent for the firefighters' association.