*Roberto Carlos Arias-Rivera v. State*, No. 3223, September Term 2018. Opinion by Nazarian, J.

**SENTENCING – ILLEGAL SENTENCE – EXTENDED SEXUAL OFFENDER PAROLE SUPERVISION**

The version of § 11-723 of the Criminal Procedure Article in effect from approximately 2006 to 2010 requires the sentence of an individual who meets the definition of "extended parole supervision offender" to include a term of extended sexual offender parole supervision of not less than three years and not more than life. A sentence that omits such a term is not permitted by statute and is therefore illegal.

Circuit Court for Montgomery County
Case No. 114347C

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 3223

September Term, 2018
_____

ROBERTO CARLOS ARIAS-RIVERA

v.

STATE OF MARYLAND
_____

Kehoe,
Nazarian,
Friedman,

JJ.
_____

Opinion by Nazarian, J.
Dissenting Opinion by Friedman, J.
_____

Filed: July 2, 2020

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document
is authentic.



Suzanne C. Johnson, Clerk

In April 2010, a jury sitting in the Circuit Court for Montgomery County convicted Roberto Carlos Arias-Rivera of sexual abuse of a minor, rape, and other offenses for, among other things, having vaginal intercourse with his eleven-year-old step-daughter. The circuit court sentenced Mr. Arias-Rivera to fifty years' imprisonment. We affirmed his convictions on direct appeal. *Roberto Carlos Arias-Rivera v. State*, No. 930, Sept. Term 2010, slip op. (Md. App. Mar. 14, 2012).

On November 27, 2018, Mr. Arias-Rivera filed a motion to correct an illegal sentence, arguing that the circuit court failed to include in his sentence a term of extended parole supervision under Maryland Code, § 11-723 of the Criminal Procedure Article ("CP").[1] The circuit court summarily denied the motion without a hearing. We vacate and remand to the circuit court with instructions to include in Mr. Arias-Rivera's sentence a term of extended parole supervision, as the plain language of CP § 11-723 required at the time of his sentencing.

## I.     BACKGROUND

The events underlying Mr. Arias-Rivera's convictions took place over the course of two days, on September 28 and 29, 2009.[2] After a two-day trial in April 2010, the jury convicted him of sexual abuse of a minor, second-degree rape, second-degree sexual offense (two counts), and third-degree sexual offense. On June 22, 2010, the circuit court

---

[1] Unless otherwise indicated, all references to sections of the Criminal Procedure Article are to the 2008 Replacement Volume, which applied at the time Mr. Arias-Rivera was sentenced.

[2] A more detailed recitation of the evidence submitted at trial is set forth in our opinion on Mr. Arias-Rivera's direct appeal. *Arias-Rivera*, No. 930, Sept. Term 2010, slip op.

sentenced him to a total of fifty years: fifteen years for child sex abuse, ten consecutive years for second-degree rape, ten consecutive years for each of the two second-degree sexual offense convictions, and five consecutive years for third-degree sexual offense. The court did not refer to extended sexual offender parole supervision at the sentencing hearing.

Mr. Arias-Rivera filed a motion to correct an illegal sentence under Maryland Rule 4-345. He argued before the circuit court, as he does on appeal, that his sentence must be amended to include a specific term of extended parole supervision under the version of CP § 11-723 in effect at the time of his sentencing. The circuit court denied Mr. Arias-Rivera's motion without a hearing or explanation.

## II.     DISCUSSION

Mr. Arias-Rivera raises two questions on appeal,[3] although we address the merits of only the first, which we rephrase: did the circuit court impose an illegal sentence by not

---

[3] Mr. Arias-Rivera phrases the questions presented as follows:

> 1. (A) [sic] Did the court err in not imposing a term of sexual offender supervision pursuant to Criminal Procedure Article § 11-723 where that statute, by its own terms, requires such term for a sex offense committed on or after August 1, 2006?

> 2. Does retroactive application of the 2010 amendment to Criminal Procedure Article § 11-723 violate state and federal *ex post facto* prohibitions?

The State phrases the questions presented as follows:

> 1. Did the circuit court properly deny Arias-Rivera's Rule 4-345(e) Motion to Correct an Illegal Sentence?

> 2. Should the Court not consider whether the retroactive application of the 2010 amendments to CP §§ 11-723 & 11-724 violates ex post facto provisions in the Maryland and federal constitutions?

2

including in Mr. Arias-Rivera's sentence a term of extended sexual offender parole supervision?[4] We decline to address the second question—whether retroactive application of the later versions of CP § 11-723 would violate *ex post facto* prohibitions—because it is not ripe.

### A.    Mr. Arias-Rivera's Sentence Is Illegal.

Maryland Rule 4-345(a) permits a court to "correct an illegal sentence at any time." An "illegal sentence" is "limited to those situations in which the illegality inheres in the sentence itself." *Chaney v. State*, 397 Md. 460, 466 (2007). "A sentence that is not permitted by statute is an illegal sentence." *Holmes v. State*, 362 Md. 190, 195–96 (2000); *State v. Crawley*, 455 Md. 52, 66 (2017) ("Courts do not possess the authority to impose a sentence that does not comport with a legislatively-mandated sentence, and any such sentence must be corrected to remedy the illegality."). Whether a sentence is an illegal sentence is a question of law that is subject to *de novo* review. *Crawley*, 455 Md. at 66.

At the time Mr. Arias-Rivera was sentenced, CP § 11-723 required a sentence of an "extended parole supervision offender" to include a term of extended parole supervision.

---

[4] Mr. Arias-Rivera's ultimate aim in filing this appeal appears to be a reduction of the unsuspended portion of his sentence: he argues in his brief that adding a term of extended parole supervision will increase the severity of his sentence and, therefore, violate Maryland Code, § 12-702(b) of the Courts and Judicial Proceedings Article. The Court of Appeals's opinion in *Greco v. State* would seem to foreshadow the outcome of that argument. 427 Md. 477, 512–13 (2012) (directing circuit court on remand to cure illegality of a split sentence for murder by adding a term of probation). All the same, we decline to decide that question because it is not ripe, and reaching it would result in an advisory opinion, "a long forbidden practice in this State." *Hatt v. Anderson*, 297 Md. 42, 45–46 (1983); *Smigiel v. Franchot*, 410 Md. 302, 320 (2009) ("A justiciable controversy requires that there be interested parties asserting adverse claims upon a state of facts which must have accrued wherein a legal decision is sought or demanded.") (cleaned up).

The term "[e]xtended parole supervision offender" is defined in the statute, and neither Mr. Arias-Rivera nor the State disputes that he meets that definition. From our review of the record, we agree.[5] The question is whether the circuit court was required specifically to include a term of extended sexual offender supervision when it sentenced him. As we read the plain language of the statute, it was, and a sentence that didn't include supervision specifically is an illegal sentence.

At the time Mr. Arias-Rivera was sentenced, CP § 11-723 provided that "a sentence for an extended parole supervision offender shall include a term" of supervision, that the term would start after the end of the later of the offender's term of imprisonment, probation, parole, or other mandatory supervision, and that the term must last a minimum of three years up to a maximum of life:

> (a) Except where a term of natural life without the possibility of parole is imposed, a sentence for an extended parole supervision offender shall include a term of extended sexual offender parole supervision.
>
> (b) The term of extended sexual offender parole supervision for a defendant sentenced on or after August 1, 2006, shall:
>
>> (1) be a minimum of 3 years to a maximum of a term of life; and
>>
>> (2) commence on the expiration of the later of any term of

---

[5] Extended parole supervision offender" includes "a person who . . . (4) has been convicted of a violation of § 3-602 of the Criminal Law Article for commission of a sexual act involving penetration of a child under the age of 12 years." CP § 11-701(f)(4). Mr. Arias-Rivera was convicted of sexual abuse of his eleven-year-old stepdaughter under § 3-602 of the Criminal Law Article ("CR"). "Extended parole supervision offender" also included a person who has been convicted of a violation of CR § 3-304 (rape in the second degree), CR § 3-306(a)(2) (second-degree sexual offense), and CR § 3-307(a)(2) (third-degree sexual offense). CP § 11-701(f)(2). Mr. Arias-Rivera meets the definition owing to his convictions under all of those provisions as well.

imprisonment, probation, parole, or mandatory supervision.

The parties did not cite, and we did not find, any reported Maryland cases addressing the legality of a sentence that omits a term of extended parole supervision under this version of CP § 11-723. But as a general matter, "[c]ourts do not possess the authority to impose a sentence that does not comport with a legislatively-mandated sentence . . . ." *Crawley*, 455 Md. at 66. And in this case, Mr. Arias-Rivera's sentence is illegal because it failed to include, as CP § 11-723 required, a "term of extended sexual offender parole supervision." *See Holmes*, 362 Md. at 195–96 (holding sentence illegal where, in the absence of statutory authority, the court ordered home detention as a condition of probation, even though detention was imposed pursuant to plea agreement); *see also Greco v. State*, 427 Md. 477, 513 (2012) (a term-of-years sentence of fifty years imprisonment was illegal where statute required a sentence of life imprisonment for first-degree premeditated murder). For that reason, we vacate Mr. Arias-Rivera's sentence and remand the case to the circuit court with instructions to impose a term of extended parole supervision as required by the applicable version of CP § 11-723.

The State does not address directly the outright omission of extended parole supervision from Mr. Arias-Rivera's original sentence, nor does it dispute that Mr. Arias-Rivera's sentence failed to include a term of extended parole supervision or that CP § 11-723 required Mr. Arias-Rivera's sentence to include a term of supervision. The State argues instead, and the dissent agrees, that the requirement to serve a term of supervision inheres by operation of law, whether the court declared it or not. To us, though, the plain language of CP § 11-723—that "a sentence for an extended parole supervision offender *shall include*

5

a term of extended sexual offender parole supervision"—the statute required the *court* to do so.

Reading CP § 11-723 in context, as enacted in 2006, supports this conclusion. *First*, the phrase "a sentence . . . shall include" contrasts with the phrasing for the sex offender registration requirement, which was not (and still is not, as we discuss below) stated in terms of being included in the sentence. 2006 Md. Laws 1st Sp. Sess., Ch. 4. Instead, the statutes (often referred to as the Maryland Sex Offender Registration Act ("MSORA"), CP §§ 11-701–11-727) simply required certain individuals to register with the "supervising authority" and with local law enforcement authorities:

> CP § 11-705
>
> (b) A registrant *shall register* with the supervising authority . . . .
>
> CP § 11-707
>
> (a)(1)(i) A child sexual offender *shall register* in person every 6 months with a local law enforcement unit for the term provided under paragraph (4) of this subsection. . . .
>
> (2)(i) An offender and a sexually violent offender *shall register* in person every 6 months with a local law enforcement unit for the term provided under paragraph (4) of this subsection. . . .
>
> (3)(i) A sexually violent predator *shall register* in person every 3 months for the term provided under paragraph (4)(ii) of this subsection. . . .

2006 Md. Laws 1st Sp. Sess., Ch. 4. "Child sexual offender," "offender," "sexually violent offender," and "sexually violent predator" were defined terms, and all were defined as individuals convicted of certain crimes. CP § 11-701(b), (d), (f), (h). "Offender" was a catch-all provision that included the additional requirement that a court order registration. CP § 11-701(d). But the requirement that a court order registration is not the same as the

6

requirement that a court include registration in a sentence. *See generally Cain v. State*, 386 Md. 320, 329–334 (2005) (court's discussion of the history of MSORA and the requirement for sex offenders to register in Maryland as initially enacted in 1995 does not discuss registration as being part of a sentence). Although, in practice, sentencing courts often do include registration in the sentence and on the commitment record, we are aware of no case in which a sentence was found to be illegal because it *omitted* the registration requirement. *Cf. Cain*, 386 Md. at 338, 340 (holding that sentence including sex offender registration as condition of probation was illegal where individual pled guilty to assault, which was not one of the enumerated crimes qualifying an individual as an "offender" under the then-current statute).[6]

*Second*, although the 2006 version of MSORA included a role for the Maryland Parole Commission in administering extended parole supervision, *see, e.g.*, § 7-206(6) of

---

[6] We recognize that the Court of Appeals held recently that sex offender registration requirements—pursuant to more recent versions of MSORA—are "increasingly punitive." *Rogers v. State*, 468 Md. 1, 39 (2020) (considering the post-2009 and 2010 amendments to MSORA). But the Court did not go so far as to hold that registration—even in its current, more "punitive" form—is or must be part of a sentence. *See id.* at 83 ("[E]ven if registration is considered sufficiently punitive that a change in the law makes registration more onerous than it was when a registrant was convicted of his criminal offense can create an *ex post facto* problem, registration nevertheless remains a collateral consequence of a conviction, *not part of the criminal sentence itself*.") (Biran, J., dissenting) (*citing, inter alia, Doe v. Dept. of Public Safety & Correctional Servs.*, 430 Md. 535, 560 (2013) (Plurality Opinion)). And although some uncertainty remains about the circumstances under which sex offender registration is a "direct" as opposed to a "collateral" consequence of a conviction in the *ex post facto* context, *see Hyman v. State*, 463 Md. 656, 678, n.10 (2019), we are aware of no Maryland case holding that registration is anything more than a *consequence* of a conviction, as opposed to a part of the sentence itself.

the Correctional Services Article (2006 Md. Laws 1st Sp. Sess., Ch. 4), that role did *not* include the imposition of supervision in the first place. Indeed, it is the *court*, and not the Parole Commission, that has the authority to impose sentences. *See Jennings v. State*, 339 Md. 675, 683 (1995) (the sentencing court has broad discretion to impose sentences, except those that are cruel and unusual, unconstitutional, motivated by ill-will or prejudice, or "that exceed statutory limitations"). In sum, the plain language of the statute here, read in context, indicates that supervision, unlike registration, is part of a sentence, and that both the authority and the obligation to impose it lies with the court. And because we can rely on the plain, unambiguous language of the statute, we need not dive into the legislative history to divine its meaning.

Rather than claiming that the court didn't need to include extended parole supervision in the sentence, the State characterizes Mr. Arias-Rivera as arguing that his sentence is illegal because the court failed "to state how long he would be on extended parole supervision as a sex offender at his sentencing hearing." But Mr. Arias-Rivera does not argue that his sentence is illegal on the ground that the court failed to state the length of the term. Instead, he argues that the circuit court omitted a term of extended sexual offender parole supervision from his sentence altogether. And as we explained above, Mr. Arias-Rivera's sentence is illegal on that ground.[7]

---

[7] The State also argues that the Parole Commission (not the court) has the authority under CP § 11-724 to set the length of the term of extended parole supervision. In other words, its position seems to be that CP § 11-723 and CP § 11-724, read together, preclude the court from setting a specified term of years (between three years and natural life) in pronouncing extended sexual offender parole supervision. The dissent interprets those sections in a similar manner. We disagree—we read the plain language of the statute to

### B. The Question Of The Constitutionality Of The Application Of The Later Versions Of CP § 11-723 And CP § 11-724 Is Not Ripe.

Mr. Arias-Rivera argues next that the circuit court may not impose a sentence under the later versions of CP § 11-723 and CP § 11-724 because "retroactive application of the current law violates state and federal *ex post facto* prohibitions." The State agrees that the later versions of those sections would not apply to Mr. Arias-Rivera's sentence, and argues that we should not decide the question because it is "moot." We agree that we need not decide this question, but not because it's moot. Nothing in the record suggests that the circuit court applied the later versions of CP § 11-723 (or CP § 11-724), so the question never arose and so never had the opportunity to become moot. *See In re Kaela C.*, 394 Md. 432, 452 (2006) ("A case is moot when there is no longer any existing controversy between the parties at the time that the case is before the court, or when the court can no longer fashion an effective remedy.").

Instead, the second question is not ripe, and therefore not properly before us. *Smigiel v. Franchot*, 410 Md. 302, 320 (2009) ("A justiciable controversy requires that there be interested parties asserting adverse claims upon a state of facts which must have accrued wherein a legal decision is sought or demanded.") (cleaned up); *Boyds Civic Ass'n v. Montgomery Cty. Council*, 309 Md. 683, 691 (1986) (observing that the purpose of the ripeness doctrine is to "ensure that adjudication will dispose of an actual controversy in a conclusive and binding manner"); *Hatt v. Anderson*, 297 Md. 42, 46 (1983) (observing that

require the trial court to set a specified term, between three years and natural life, of extended sexual offender parole supervision. Once that term expires, the individual may file a petition for discharge under CP § 11-724.

9

deciding non-justiciable issues "would place courts in the position of rendering purely

advisory opinions, a long forbidden practice in this State").

**JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY VACATED AS TO THE SENTENCE ONLY, AND CASE REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. MONTGOMERY COUNTY TO PAY COSTS.**

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 3223

September Term, 2018

_____


ROBERTO CARLOS ARIAS-RIVERA

v.

STATE OF MARYLAND


_____


Kehoe,
Nazarian,
Friedman,

JJ.
_____

Dissenting Opinion by Friedman, J.
_____

Filed:  July 2, 2020

I, respectfully, dissent. Roberto Carlos Arias-Rivera presents a challenging case of statutory interpretation and while my colleagues in the majority rely on the "plain, unambiguous language of the statute," slip op. at 8, I believe additional interpretation is required.

From 2006 until 2010, the governing law from the Criminal Procedure Article provided as follows:

> **§ 11-723.**
>
> (a) Except where a term of natural life without the possibility of parole is imposed, a sentence for an extended parole supervision offender shall include a term of extended sexual offender parole supervision.
>
> (b) The term of extended sexual offender parole supervision for a defendant sentenced on or after August 1, 2006, shall:
>
>     (1) be a minimum of 3 years to a maximum of a term of life; and
>
>     (2) commence on the expiration of the later of any term of imprisonment, probation, parole, or mandatory supervision.
>
> **§ 11-724.**
>
> (a) The Maryland Parole Commission shall:
>
>     (1) enter into and sign extended sexual offender parole supervision agreements with registrants sentenced to supervision under § 11-723 of this subtitle that set out specific conditions of supervision;
>
>     (2) hear and adjudicate cases of extended sexual offender parole supervision violations; and

1

(3) impose sanctions for extended sexual offender parole supervision violations, including additional restrictive conditions.

(b) Imprisonment for an extended sexual offender parole supervision violation is not subject to diminution credits.

(c) Specific conditions of extended sexual offender parole supervision shall commence upon release of the extended parole supervision offender from incarceration or imposition of probation on the extended parole supervision offender and may include:

(1) monitoring a registrant through global positioning satellite tracking technology;

(2) where appropriate and feasible, restricting a registrant from living in proximity to or loitering near schools, family day care centers, child care centers, and other places primarily used by minors;

(3) restricting a registrant from obtaining employment or from participating in an activity that would bring the registrant into contact with minors;

(4) requiring a registrant to participate in a certified sexual offender treatment program;

(5) prohibiting a registrant from using illicit drugs or alcohol;

(6) authorizing parole agents to access the personal computer of a registrant to check for material relating to sexual relations with minors;

(7) requiring a registrant to take regular polygraph examinations; and

(8)     prohibiting a registrant from contacting specific individuals or categories of individuals.

(d)     (1)     The Commission shall hear and adjudicate a petition for discharge from extended sexual offender parole supervision from a registrant.

          (2)     A registrant may file a petition for discharge after serving at least 3 years of extended sexual offender parole supervision.

          (3)     If a petition for discharge is denied, a registrant may not renew the petition for a minimum of 1 year.

          (4)     A petition for discharge shall include:

                   (i)     a risk assessment of the registrant conducted by a certified sexual offender treatment provider within 3 months before the date of the filing of the petition; and

                   (ii)     a recommendation regarding the discharge of the registrant from the sexual offender management team.

          (5)     The Commission may not discharge a registrant from extended sexual offender parole supervision unless the Commission determines that the petitioner no longer poses an unacceptable risk to community safety.

(e)     The Commission shall have all of the powers set forth in § 7-205 of the Correctional Services Article for the purpose of carrying out the duties of the Commission under this subtitle.

(f)     The Commission shall appoint an administrator to coordinate the requirements of extended sexual offender parole supervision under this subtitle.

MD. CODE, CRIMINAL PROCEDURE ("CP") §§ 11-723–24 (2006). Our goal is to interpret and effectuate the intention of the General Assembly. *Blackstone v. Sharma*, 461 Md. 87, 113-14 (2018). While it is not difficult to interpret the general intentions of the General Assembly here, it is harder to obtain clarity on the specifics.

I begin where my colleagues in the majority conclude their interpretation—with the text. The key phrase is "a sentence … shall include a term of extended sexual offender parole supervision." CP § 11-723(a). Regrettably, however, it isn't clear what that means. My colleagues interpret that phrase to mean, in effect, that the sentence *pronounced* by the trial judge must include the term. Slip op. at 5. By contrast, I read the phrase to mean that the sentence *served* by the defendant must include the term. To me, both are perfectly plausible interpretations.

It is also, however, important to read a phrase in the context in which it appears. If the trial judge doesn't set the term for which the defendant must serve on extended parole supervision, how then is it set? I believe that the answer to this question is in the surrounding text: the term is presumptively for life, but a defendant may file a petition for earlier release to the Parole Commission once he (or she) has served three years. CP § 11-724(d)(1), (2). I think an example makes the intent of this language plain. Suppose a trial judge set a defendant's term of extended sexual offender parole supervision for eight years. Could the Parole Commission discharge him (or her) after only three? It isn't clear how that would operate. As a result, I think the better interpretation is that the term of extended sexual offender parole supervision is automatic and presumptively for life, but that if a given defendant cooperates with the terms agreed to with the Parole Commission, the

4

Parole Commission can, in as few as three years, release him (or her). This, to me, is a better reading within the surrounding statutory language.

I also look to the legislative history to assist in my understanding. Here, the legislative history is difficult to work through. The 2006 session of the General Assembly considered many bills to modify the State's treatment of sexual offenders. At the conclusion of the legislative session, however, the General Assembly was unable to reconcile the leading House and Senate versions and the bills died. When the General Assembly was called into a special session to consider a separate topic, the legislative leaders jumped at the opportunity to quickly adopt a comprehensive revision of the sexual offender laws. *See* 2006 Md. Laws 1st Spec. Sess., Ch. 4. As a result, the bill file of the bill adopted in the special session is relatively sparse and sheds no light on this provision. *See* Bill File, H.B. 2 (Spec. Sess. 2006).

By contrast, the bill files from the unreconciled bills that failed during the regular session are much bigger. *See* Bill File, S.B. 1, H.B. 4 (2006). Review of those bill files reveal that there were amendments that would have added the following language to CP § 11-723: "At sentencing, when applicable, the judge shall state *on the record* that the defendant's sentence shall include a term of extended sexual offender parole supervision." Bill File, H.B. 4 (2006) (emphasis added). That language was indicated as a difference between the House and Senate versions of the bill when both bills died *sine die*. Further, the indicated language was not included in the version that passed at the special session. Thus, in my view, the General Assembly considered but rejected a requirement that the trial judge state the term of extended sexual offender parole supervision on the record. Of

course, the rejection of this language is not dispositive, but it suggests to me that the final

bill did not require the trial judge to state the term of the extended supervision.

Finally, I look at the subsequent history regarding the provision: the changes made

when the law was modified in 2010. 2010 Md. Laws Ch. 176 (S.B. 280 and H.B. 473).

Obviously, such post-enactment history tells us little about what happened in 2006, but it

can reveal what the practice had been under the 2006 law. Again, the bill file provides no

direct evidence.[1] The Fiscal and Policy Note states that:

> The bill authorizes a court to sentence a person convicted of a
> certain third degree sex offense to lifetime supervision and
> require a risk assessment before that sentence is imposed. The
> bill also eliminates the role of the Maryland Parole
> Commission to administer or enter agreements for extended
> parole supervision of sexual offenders and deletes reference to
> an "extended parole supervision offender." Also eliminated is
> extended supervision for a period less than life.
>
> * * *
>
> This bill transfers most of the responsibilities for extended,
> now lifetime, supervision of sex offenders to the courts.

Fiscal and Policy Note, S.B. 280 (2010); *see also* Bill Review Letter from Attorney General

Douglas F. Gansler to Governor Martin O'Malley (Apr. 29, 2010).[2] Although again, this

---

[1] Tantalizingly, the 2010 bill file includes testimony from the Governor's Deputy Legislative Officer, (now-Judge) Stacy L. Mayer, in support of the bill and notes that there were "numerous" constitutional concerns with the 2006 law including the "assignment of judicial functions to the executive branch," which were noted in the Fiscal & Policy Note (discussed above) and apparently more fully discussed in a June 26, 2006 letter from the Office of the Attorney General to the Department of Public Safety and Correctional Services. Regrettably, the parties were unable to find the letter.

[2] My name appears on the letterhead of this bill review letter. Despite this, I have decided not to disqualify myself from participation in this matter because the letter was neither a public statement of my views (as opposed to those of the Attorney General and

provides just a glimpse, and doesn't specify what responsibilities were transferred from the Parole Commission to the courts, I infer that the power to set, modify, and terminate extended sexual offender parole supervision terms were among those responsibilities transferred in 2010.

In the end, I find that neither the text nor the legislative history provides a definitive result. To me, the best reading is that defendants who, prior to 2010, satisfied the statutory definition of "extended parole supervision offender" like Arias-Rivera, were automatically sentenced to extended sexual offender parole supervision for the rest of their lives but could, after having served three years, apply annually to the Parole Commission to be released from that status. Arias-Rivera's sentence is, therefore, not illegal. I would affirm the decision of the trial court.

---

other members of his staff), nor did it express any views on the particular matter here in controversy (as opposed to general views on the constitutionality and legal sufficiency of the bill). *See* Md. R.18-102.11(a)(5)(B).

The correction notice(s) for this opinion(s) can be found here:

https://mdcourts.gov/sites/default/files/import/appellate/correctionnotices/cosa/3223s18cn.pdf