*Jefferey Joel Reyes v. State*, No. 1543 September Term, 2023. Opinion by Sharer, J. Frederick. Filed March 3, 2025.

**SENTENCING AND PUNISHMENT – RECONSIDERATION AND MODIFICATION OF SENTENCE – PROCEEDINGS – IN GENERAL – TIME – EXECUTION OR SERVICE OF SENTENCE**

Sentencing court did not illegally increase Reyes's sentence from one year to five years. Although the court initially announced a sentence of one year, there was nothing in the record to indicate that the sentencing proceeding had terminated before the court made the decision to alter Reyes's sentence to five years. Because Reyes's one-year sentence had yet to be "imposed," the court was free to alter the sentence, including by increasing it.

Circuit Court for Prince George's County
Case No. C-16-CR-23-000311

JEFFEREY JOEL REYES

v.

STATE OF MARYLAND

Wells, C.J.,
Arthur,
Sharer, J. Frederick
  (Senior Judge, Specially Assigned),

JJ.

Opinion by Sharer, J.

Filed: March 3, 2025

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

A jury in the Circuit Court for Prince George's County convicted Jefferey Reyes, appellant, of second-degree assault. At sentencing, the court initially announced a sentence of one year's imprisonment, with all but nine months suspended; but the court, during the same proceeding, later changed that sentence to a term of five years' imprisonment, with all but nine months suspended. Reyes noted an appeal, presenting the following question:

> Did the circuit court illegally increase Reyes's sentence from one year to five years?

For reasons to follow, we hold that the court did not illegally increase the sentence. Accordingly, we affirm.

## BACKGROUND

At sentencing, the State recommended that Reyes be sentenced to either a total term of five years' imprisonment, with all but ninety days suspended, or nine months of home detention. The defense recommended a total term of one year's imprisonment, all suspended. After hearing from Reyes, the court commented about the parties' recommendations. The following colloquy ensued:

> THE COURT: So I am going . . . to take the recommendation of the State, but I am going to give you an option and I am going to supplement what the State has suggested as well. So I am going to – I want to tell you that I am going with the State with respect to the 90 days incarcerated or 9 months home detention, and I am just going to give you that option.
>
> Which do you prefer?
>
> (Asides)
>
> [DEFENSE COUNSEL]: And thank you for the husher. I think my client would prefer the 9 months' home detention.

* * *

THE COURT: So we are going to do the nine months of home detention, and we are going to follow that . . . with three years of supervised probation because I want to keep you on a short, tight leash.

\* \* \*

All right, so with that then it is going to be 1 year, suspend all but 9 months, to be served on home detention with credit for two days, and followed by three years of supervised probation, the first year of payments waived, and anger management. Okay? All right.

The court then briefly advised Reyes of the conditions of his probation, his right to file a motion for a modification of sentence, and his right to request *en banc* review. While the court was making those comments, the prosecutor indicated that he had a question. The following colloquy ensued:

THE COURT: Mr. [State], was there something you wanted to say?

[PROSECUTOR]: I did, Your Honor. I just was trying to clarify because I heard 1 year, suspend all but 9 months. So I didn't know if the 9 months was considered probationary – on part of the probationary side or part of the active side because then in theory with 1 year, he would only be looking at – looking at 3 months if he violated his probation, which I don't know if that is what Your Honor was trying to do. And that is why I was saying this.

THE COURT: Well, I am going with – I am going with the max, and according to the guidelines it is 1 year, so – because it was – for the minor it was 1 year, moderate 2 years, right?

[PROSECUTOR]: That is for active time, though, Your Honor. And again – and that is why I was asking for the 5 years to put over his head. But that is –

THE COURT: I got you, I got you. So, yes. So then – I got you. So then, yes, we will do the 5 years, suspend all but 9 months, on home detention.

2

Shortly thereafter, the proceedings concluded. This timely appeal followed. Additional facts will be supplied as needed below.

## DISCUSSION

### *Parties' Contentions*

Reyes argues that the circuit court illegally increased his sentence from one year to five years. Reyes contends that, once the sentence was announced, the court's authority to increase the sentence was circumscribed by Maryland Rule 4-345, which permits such an increase only if the original sentence was illegal, if there was some fraud, mistake, or irregularity, or if the court made a mistake in announcing the original sentence. Reyes maintains none of those exceptions was applicable in his case; hence, he argues that his increased sentence is illegal.

The State responds that Rule 4-345 is inapplicable because Reyes's original sentence had not been "imposed" before the court made the decision to "increase" the sentence. The State argues that a sentencing court may increase or otherwise alter an announced sentence at its discretion before the sentence is imposed, which, the State posits, in Reyes's case did not happen until after the court announced the increased sentence. The State concludes, therefore, that Reyes's sentence of five years' imprisonment was not illegal. The State further contends that, even if Reyes's sentence was "imposed" when it was initially announced by the court, the record shows the court, in increasing Reyes's sentence, was correcting an evident mistake in its initial announcement of the intended sentence, which was permissible under Rule 4-345.

### Standard of Review

Generally, a sentencing court may not increase a defendant's sentence after it is imposed. *Parker v. State*, 193 Md. App. 469, 487 (2010); *see also* Md. Rule 4-345 (outlining a court's revisory power over an imposed sentence). An unauthorized increase of a sentence is illegal. *Tolson v. State*, 201 Md. App. 512, 519 (2011). We review the legality of a defendant's sentence *de novo*. *Arias-Rivera v. State*, 246 Md. App. 500, 506 (2020).

### Sentencing Court's Revisory Power

Maryland Rule 4-345 sets forth a court's revisory power over a defendant's sentence. Prior to 1992, Maryland Rule 4-345 provided:

**(a) Illegal Sentence.** – The court may correct an illegal sentence at any time.

**(b) Modification or Reduction – Time for.** – The court has revisory power and control over a sentence upon a motion filed within 90 days after its imposition (1) in the District Court, if an appeal has not been perfected, and (2) in a circuit court, whether or not an appeal has been filed. The court may modify or reduce or strike, but may not increase the length of, a sentence. Thereafter, the court has revisory power and control over the sentence in case of fraud, mistake, or irregularity, or as provided in section (d) of this Rule.

**(c) Open Court Hearing.** – The court may modify, reduce, or vacate a sentence only on the record in open court after notice to the parties and an opportunity to be heard.

**(d) Desertion and Non-support Cases.** – At any time before expiration of the sentence in a case involving desertion and non-support of spouse, children or destitute parents, the court may modify, reduce, or vacate the sentence or place the defendant on probation under the terms and conditions the court imposes.

Md. Rule 4-345 (adopted Apr. 6, 1984, eff. July 1, 1984).

In *State v. Sayre*, 314 Md. 559 (1989), the Supreme Court of Maryland considered a court's power to increase a sentence pursuant to Rule 4-345. Robert Sayre was found guilty of battery, and the court sentenced him to five years' imprisonment, to be served concurrently with any sentence he was currently serving. *Id.* at 560-61. After announcing the sentence, the court ordered that Sayre be remanded to custody. *Id.* at 560. Shortly thereafter, the court indicated that it had misspoken and that it meant to say that Sayre's sentence was to run consecutively. *Id.* at 561. The court then had Sayre returned to the trial table, and the court stated that Sayre's sentence was to run consecutively. *Id.* On appeal, this Court reversed, holding that the trial court improperly increased Sayre's sentence. *Id.* The Supreme Court affirmed this Court, holding that, once a sentence has been imposed, Rule 4-345 did not permit the sentencing court to alter Sayre's sentence in the manner it had, regardless of whether the court's original sentence had been a "slip of the tongue[.]" *Id.* at 562-65. As to when Sayre's sentence was to be considered "imposed," the Court explained:

> Ordinarily, sentencing may be considered as the last phase of a criminal trial. When sentence is pronounced or imposed, there is a final judgment for purposes of appeal. *See, e.g.*, *Jones v. State*, 298 Md. 634, 637 (1984). The sentencing phase, for purposes of Rule 4-345(b), is at least at an end when the court indicates that the particular case before it is terminated, as by calling, or directing the clerk to call, the next case. Here, [the sentencing judge], after imposing the concurrent sentence on Sayre, said
>
> He is to be remanded to custody. Come, get him.
>
> Obviously, Sayre's case was over. There was nothing more to be done. The court was ready to proceed to the next case. We hold that under these circumstances sentence was imposed.

*Id.* at 565-66 (internal footnote omitted).

5

The following year, this Court considered a similar issue in *Brown v. State*, 83 Md. App. 24 (1990).[1]  Derrick Brown was convicted of second-degree murder, and the court sentenced him to "a period of 20 years." *Id.* at 33.  Immediately after announcing the sentence, and while Brown remained at the trial table, the court stated that it also wanted to place Brown on probation for a period of five years. *Id.*  Upon making that statement, the court recognized, at the prodding of defense counsel, that it could not impose a period of probation without suspending a portion of Brown's sentence, so the court altered Brown's sentence to "30 years, suspend all of that but 20." *Id.*  Brown appealed, arguing, under *Sayre*, that the court did not have the power to change his sentence from twenty to thirty years. *Id.* at 34.  We disagreed and ultimately affirmed. *Id.* at 34-36.  We explained that *Sayre* was distinguishable and that, in the circumstances, Rule 4-345 did not prohibit the trial court from altering Brown's sentence:

> Unlike *Sayre*, in the case *sub judice*, the trial court had not terminated appellant's case and remanded him to custody, when it changed the sentence. Thus, when the defense notified the court of the defect in the sentence it intended to impose, the court had not then completed the sentencing.
>
> * * *
>
> Since appellant in the instant case had not been remanded to custody, and, indeed, was still before the court, the sentencing phase of the proceeding had not been terminated; consequently, the court was free to change the sentence, which included increasing it.

*Id.* at 34-35.

---

[1] *Reversed on other grounds*, 324 Md. 532 (1991).

One year later, in *Simpkins v. State*, 88 Md. App. 607 (1991), this Court again considered a court's power to increase a sentence pursuant to Rule 4-345. Alan Simpkins was convicted of second-degree murder, and the court sentenced him to "a period of thirty years," with "all but five years of that sentence" suspended. *Id.* at 624 (cleaned up). Approximately ten minutes after announcing Simpkins's sentence, the court noted that it had misspoken and that it intended to impose a twenty-five-year sentence. *Id.* The court then altered Simpkins's sentence to "'a period of thirty years, all but twenty-five years suspended.'" *Id.*

Simpkins appealed, arguing that the sentencing court had improperly increased his sentence. *Id.* This Court reversed, holding that Simpkins's increased sentence was not permitted under *Sayre* and Rule 4-345. *Id.* at 624-25. We noted that, under *Sayre*, a sentence may not be increased once it is "imposed," which typically occurs "when 'the court indicates that the particular case before it is terminated, as by calling, or directing the clerk to call, the next case.'" *Id.* at 624 (quoting *Sayre*, 314 Md. at 565). We also noted that, in *Brown*, we found that Rule 4-345 had not been offended where the defendant remained standing before the court as it pronounced, and then increased, the defendant's sentence. *Id.* We explained that the record showed that Simpkins's original sentence had been "imposed" before the court announced the increased sentence:

> There is no notation or break in the written transcript of the sentencing hearing that would indicate that the proceeding terminated after the original pronouncement of sentence, and that the increase was made during a second proceeding. A careful reading of the transcript, however, indicates that that is exactly what happened. The transcript shows that, after the court pronounced both appellants' sentences, defense counsel advised the appellants of their rights to appeal. Immediately thereafter, the prosecutor

7

stated that she was "*recalling* State versus Grace [C]atherine Geisler and [Alan] William Simpkins . . . ." (Emphasis added.) The court then commented: "All right, after *conclusion of the sentencing,* the counsel approached the bench and questioned the court regarding its sentence." (Emphasis added.) It went on to increase appellant Simpkins' sentence. Even though the original pronouncement of sentence and the subsequent increase are reflected on consecutive pages of the transcript, notations on the pages indicate that at least ten minutes elapsed between the two events.

Although the State contends that the sentencing hearing was not over when the court announced the increase, it concedes a number of facts in its brief that indicate otherwise. The State points out that the sentencing hearing was videotaped and admits that the tape shows that, after the original pronouncement of sentence, "both [appellants] were led out of the courtroom in the sheriff's custody" and "Simpkins' counsel . . . asked to be excused and the court indicated in the affirmative." According to the State, the videotape was then "temporarily discontinued" and an unrecorded bench conference took place. The recording resumed about ten minutes later, with the prosecutor "recalling" the case.

Based on the comments appearing in the written transcript and on the State's uncontroverted summation of the unrecorded events, it is clear that sentence was "imposed" before the court increased it. Rule 4-345(b), therefore, bars the increase.

*Id.* at 624-25.

In 1992, Maryland Rule 4-345(b) was amended to allow a sentencing court to alter an announced sentence, including increasing that sentence, to correct an evident mistake in the announcement of the sentence. Md. Rule 4-345 (amended Oct. 5, 1992, eff. Jan. 1, 1993). That amendment, which was adopted as a direct result of the *Sayre* and *Simpkins* decisions, stated that a sentencing court "may not increase a sentence after the sentence has been imposed, except that it may correct an evident mistake in the announcement of a sentence if the correction is made on the record before the defendant leaves the courtroom

following the sentencing proceeding." *Id.*; *see also State v.* [*Andrew*] *Brown*, 464 Md. 237, 251-60 (2019) (discussing the history of Rule 4-345).

In 2004, Rule 4-345 was again amended and the language regarding a "mistake in the announcement of a sentence" was moved from subsection (b) to subsection (c). *Brown*, 464 Md. at 260. Currently, Rule 4-345 provides, in relevant part:

> (a) **Illegal sentence.** — The court may correct an illegal sentence at any time.
>
> (b) **Fraud, mistake, or irregularity.** — The court has revisory power over a sentence in case of fraud, mistake, or irregularity.
>
> (c) **Correction of mistake in announcement.** — The court may correct an evident mistake in the announcement of a sentence if the correction is made on the record before the defendant leaves the courtroom following the sentencing proceeding.

Md. Rule 4-345.

### *Analysis*

From that authority, we glean the following salient principles. First, the limits on a sentencing court's power to increase a sentence, as set forth in Rule 4-345, are not triggered until the sentence has been "imposed." For a sentence to be "imposed," the sentencing phase of the criminal trial must be concluded, which typically occurs "when 'the court indicates that the particular case before it is terminated, as by calling, or directing the clerk to call, the next case.'" *Simpkins*, 88 Md. App. at 624 (quoting *Sayre*, 314 Md. at 565). In other words, a sentence is not considered "imposed" simply because it has been announced by the sentencing court. *Brown*, 83 Md. App. at 34-35. And, if a sentence has yet to be imposed, a court is generally free to change the sentence, including increasing it. *Id.* Once a sentence has been imposed, however, a sentencing court's power to increase that sentence

9

is circumscribed by Rule 4-345, which permits such an increase only if the original sentence was illegal, if there was some fraud, mistake, or irregularity, or if the court is correcting an evident mistake in the announcement of the sentence before the defendant leaves the courtroom following the sentencing proceeding.

Against that backdrop, we hold that the circuit court in the instant case did not improperly increase Reyes's sentence. Unlike in *Sayre* and *Simpkins*, here, there is nothing in the sentencing transcript to indicate that the sentencing proceeding concluded between the court's announcement of its intent to impose a one-year sentence and when the court imposed the five-year sentence. The transcript reveals that, after the court announced Reyes's one-year sentence, the court engaged in a brief colloquy directed at Reyes regarding his post-sentencing rights. It was during that colloquy, and while Reyes remained standing at the trial table, that the prosecutor alerted[2] the court to a potential question with respect to Reyes's sentence, vis-à-vis the applicable sentencing guidelines, at which point the court recognized the problem and immediately altered Reyes's sentence. At no time during that entire exchange was there a break in the proceeding, nor was there any indication, affirmative or otherwise, that the sentencing proceeding had terminated. Thus, as was the case in *Brown*, the court had not completed sentencing when it altered Reyes's sentence from one year to five years. Because Reyes's one-year sentence had yet to be "imposed" when the court altered that sentence, Rule 4-345 was inapplicable, and the court was free to alter the sentence, including by increasing it.

---

[2] Indeed, our interpretation of the transcript leads to a conclusion that the prosecutor's alert actually interrupted the court's comments.

10

Reyes argues that Rule 4-345(c) "presupposes that a sentence is imposed when it is announced; otherwise, there would be no need to allow for a provision to correct a 'mistake in the announcement of sentence.'" Reyes contends that the plain language of the Rule "recognizes that sentence is imposed when stated and provides a vehicle for post-imposition correction." Reyes argues that the procedure set forth in Rule 4-345(c) must be followed and is the only way an announced sentence can be increased. Reyes contends that concluding otherwise would "lead to absurd results" and would permit a sentencing judge to "impose a sentence and then subsequently change their mind and increase it as many times as they chose as long as the proceeding had not terminated and the defendant had not left the courtroom." Reyes argues that "permitting such sentence increases based on a judge's subsequent change of mind is undesirable and has never been permitted."

We are not persuaded by Reyes's arguments. First, Reyes's claim that our courts have "never permitted" a sentencing court to increase a sentence prior to imposition is directly refuted by our decision in *Brown*, as we made clear in that case that a sentencing court was free to alter a sentence before that sentence has been imposed.[3] Although that case was decided prior to the amendment of Rule 4-345 and has only been cited once, *see*

---

[3] Reyes claims that our discussion of the issue in *Brown* was "mere dicta" and should not be relied upon because, in that case, we reversed and remanded for a new trial based on another issue. Reyes is mistaken. That discussion was not "mere dicta," as it was a question of law properly raised by the issues in that case, and we supplied a deliberate expression of our opinion on that question. *See Schmidt v. Prince George's Hosp.*, 366 Md. 535, 551 (2001) ("When a question of law is raised properly by the issues in a case and the Court supplies a deliberate expression of its opinion upon that question, such opinion is not to be regarded as *obiter dictum*, although the final judgment in the case may be rooted in another point also raised by the record.").

11

*Simpkins*, 88 Md. App. at 624, there is nothing in the subsequent case law to indicate that *Brown* was abrogated by the changes to Rule 4-345. *See Resper v. State*, 354 Md. 611, 617 (1999) (holding that the defendant's sentence had not been improperly altered because "[t]he sentencing phase of the proceeding had not been terminated" and the court was therefore "free to clarify the sentence").

Moreover, we do not read the amendments to Rule 4-345 as altering the general mandate, as set forth in greater detail in *Sayre*, *Brown*, and *Simpkins*, that a court may not increase a sentence once announced but may alter a sentence, including increasing it, prior to finally imposing the sentence. As noted, when Rule 4-345 was first amended in 1992 in direct response to the *Sayre* and *Simpkins* decisions, the Rule provided that a sentencing court "may not increase a sentence after the sentence has been imposed, except that it may correct an evident mistake in the announcement of a sentence if the correction is made on the record before the defendant leaves the courtroom following the sentencing proceeding." Md. Rule 4-345 (amended Oct. 5, 1992, eff. Jan. 1, 1993). Clearly, the Rule was intended to combat the sort of situations at issue in *Sayre* and *Simpkins*, where the court had obviously misspoken in announcing the defendant's sentence but was powerless to correct that mistake because the sentence had already been imposed. Under the current version of the Rule, while a sentencing court is still generally prohibited from increasing a sentence after the sentence is imposed, the court is granted the limited power to correct an evident mistake in the pronouncement of a sentence, provided that the court makes the correction on the record before the defendant leaves the courtroom following the sentencing proceeding. Again, we find nothing in the Rule's amendment or in any subsequent

authority to indicate that a court's power to increase a sentence prior to imposition, as set forth in *Brown*, had been altered or otherwise restricted.

To adopt Reyes's position on the conduct of sentencing hearings would constrict a sentencing court's ability to engage in colloquy with counsel and/or the defendant. In contrast, the State's position recognizes the fluid and unscripted status of many sentencing hearings where contrasting suggestions or recommendations are put forth on the record. The Supreme Court recognized in [*Andrew*] *Brown*, 464 Md. at 243, that

> [a]n appellate court may determine a trial court to have corrected an evident mistake in the announcement of a sentence under Maryland Rule 4-345(c) where the trial court acknowledges that it made a mistake in the announcement of a sentence, and indicates that it is correcting that mistake.

In sum, we hold that the circuit court, on the record before us, did not improperly increase Reyes's sentence from one year to five years. Because Reyes's one-year sentence had not been "imposed" before the court recognized and corrected an evident mistake in construing the applicable sentencing guidelines, the court was free to alter the sentence without implicating the strictures of Rule 4-345. Accordingly, we affirm.

**JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AFFIRMED; COSTS ASSESSED TO APPELLANT.**

13